WILLIAM B. DOZIER *vs.* LENNON B. ELLIS.

The doctrine is now very fully established, that implicit and equitable excep-
tions are not to be ingrafted upon the statute of limitations, where the legis-
lature has not made the exception in express words in the statute; and the
courts cannot allow them, on the ground that they are within the reason or
equity of the statute. *Held*, that it was not a sufficient answer to the plea
of the statute of limitations in this case, that the action was commenced with-
in three years after the discovery of the alleged fraud.

IN error from the circuit court of Jasper county; Hon. John
Watts, judge.

William B. Dozier filed his complaint in the circuit court of
Jasper county against the defendant, L. B. Ellis, in which he
alleges that on the 16th June, 1838, he bought from the defend-
ant certain lands, (giving the numbers); that said defendant
practised a fraud on him by conveying to him the west half
of south-west quarter section eight, township two, range thirteen
east, containing eighty acres, for which plaintiff paid him
$12.50 per acre, amounting to $1,000. That said defendant
refused to refund said sum, wherefore he sued for that amount,
and interest is prayed. An account for money had and received
by defendant, on the 6th June, 1838, is filed with the complaint;
the latter was filed 6th October, 1851.

The answer of the defendant admits the sale and conveyance
of the land as charged in the complaint, but denies fraud;
charges that plaintiff in error entered into and has ever since
held quiet possession of said land under a deed with full cove-
nants of warranty from defendant; makes an exhibit of a copy of
said deed; further answering the fraud charged, defendant says,
that at the instance of plaintiff he gave up to him all his evidence
of title to said land, consisting of duplicate receipts from the land-
office at Augusta, and deeds from defendant's vendors; that
plaintiff had a deed written to suit himself, and presented the
same to defendant to sign, which he did; that the whole trans-
action on the part of defendant was in good faith, and without
fraud; that at the time of said sale said land was wholly unin-

cumbered, and defendant had a good title to all the land he contracted to sell to plaintiff. That if by plaintiff's carelessness any mistake was made in the numbers of the land sold as aforesaid, defendant has always been ready and willing to correct it as far as he is able; denies that he is indebted to plaintiff in any amount whatever, or that he sold plaintiff the land described in his said complaint at the price of $12.50 per acre, but that with the land he sold plaintiff was included a considerable amount of personal property, namely, growing crop on said land, farming implements, and the stock of hogs on said plantation, and that the whole, namely, four hundred and eighty acres of land and said personal property, were sold to plaintiff for the sum of $6,000. The statute of limitations of three and of six years, is also interposed as an answer.

Plaintiff replied to said answer, 1st. Reiterating the fraud charged in his complaint; 2d. That the title to said land was in the general government of the United States when said defendant sold it to plaintiff; 3d. That the personal property referred to in defendant's answer was to be thrown in, and plaintiff was to pay $12.50 per acre; 4th. The cause of action did accrue within sixteen years, which length of time was necessary to bar an action under seal; that it was ten or fourteen years before he discovered the fraud, " and in such cases the statute of limitations never runs, therefore he puts himself upon the country, praying judgment," &c. Said answer of said defendant was filed at October term, 1851. At April term, 1852, defendant demurred to said complaint.

1. Because it does not set forth any fraudulent representations made by defendant to plaintiff at the time of said sale, which induced plaintiff to buy said land.

2. Because it does not aver that the contract of sale has been rescinded so as to enable plaintiff to recover back money paid through mistake or fraud.

3. Because it does not disclose a legal cause of action; the remedy, if there be one, being in chancery.

At said April term, 1852, the plaintiff filed an additional replication, in which he sets up that defendant did practise a fraud in selling to him and conveying by deed title to the west half

of south-west quarter section eight, township two, range thirteen east; that he did take possession, and his assigns have ever since said sale held possession of said land, but that within the last two years the fact has been discovered that said land so conveyed to him is public land, and belongs to the United States government. That plaintiff had been, but a short time before said purchase, a citizen of the State; that he received from defendant the evidences of his title, from which the deed executed by defendant was taken; that it was not through carelessness of plaintiff the mistake was made, but he contented himself with the deed so made to him. And for further replication plaintiff says, that his cause of action did accrue to him within six years before the commencement of said suit, and that he did not discover the fraud practised on him until some twelve or eighteen months since, and his right of action is not barred by the statute, &c.

The jury found for the defendant, and Dozier prayed this writ of error.

*George T. Swann,* for appellant.

I insist that the court below erred in overruling the plaintiff's motion for a new trial, because —

1st. The proof was clear that Ellis sold to the plaintiff the land mentioned, and that it was vacant land; it was also clear that plaintiff paid him $12.50 per acre for the whole four hundred and eighty acres, of which this was a part. He must have known that he had no title to this eighth, or at best did not know that he had title. The vendee purchases under a confidence in the vendor that he has title to what he sells, and if he sells without title, it is at least *primâ facie* a fraud on vendee. 1 Story, Eq. Jur. § 208.

Ellis endeavored to rebut the proof of fraud by showing that he gave up the duplicate receipts he had for his lands to Dozier, so as to raise the inference that Dozier himself inserted the wrong eighth in it. But the proof is, that Dozier handed them to a lawyer, one Wilson, who drew the deed, and that the same was signed and approved by Ellis. The testimony of Easterling, and Sims's answer to the 18th Int. put to him by Ellis,

relieve Dozier of any suspicion of having inserted wrong numbers in the deed. The fact of the conveyance of the vacant eighth is uncontradicted by any proof in the cause. And further, Ellis never did convey the west half of the north-west quarter section which he pretends he sold.

2d. The allowance of McDonald's evidence, as to the corners and lines of the land, which he admitted he ascertained by information derived from the defendant, and on behalf of defendant, was so clearly erroneous as needs only to be mentioned to be apparent. The defendant could not make out his case by his own verbal statements against his deed, even when detailed by another.

Neither was it competent to vary the contract expressed in the deed by parol evidence that other land was intended. If there was a contract for any other land, it was required by law to be in writing, under the statute of frauds, and no evidence of a contract not written could be given. 3 Stark. on Ev. 997, 1002.

3d. It was erroneous to admit proof that Dozier made a deed of the same land Ellis had conveyed to him. On any ground it was irrelevant to the issue, which was as to the manner in which Ellis conveyed to him. It was entirely collateral, and withdrew the mind of the jury from the issue. 1 Greenl. on Ev. 52.

If Dozier conveyed vacant land to Reid, this was no proof that Ellis had not conveyed or sold it to him.

4th. The introduction of Ellis's patent for the west half of the north-west quarter of section eight, township two, range thirteen east, was erroneous on the same ground. There being no evidence of a legal sale of that land to the plaintiff, proof of Ellis's title to it was immaterial.

5th, and lastly. The court erred in refusing to instruct the jury that they could not look to the deed between the parties to ascertain the price paid for the whole tract, and to apportion the price paid for one eighth accordingly. It was entitled to be considered, as far as it would go, to enable the jury to arrive at the price agreed per acre. If the deed conduced to prove it, the

plaintiff was entitled to the benefit of it, in aid of his other testimony to the same point; and it was erroneous to deprive him of it before the jury, by refusing the two instructions asked by the plaintiff.

*T. J.* and *F. A. R. Wharton,* for appellee.

The plaintiff in error has been in possession, through himself and those claiming under him, of the land in controversy since he purchased, in 1838, under deed with full covenants of warranty. Has paid the purchase-money many years since. On account of a misdescription of one eighth of the land in a deed which he himself drew or had drawn, claims that there was fraud in the sale, and brings his action to recover back the amount paid for said eighty acres, although the defendant answers that if there was any mistake he is ready and willing to correct it; that he has a perfect title to the eighth which was actually sold. Clearly the circuit court had not jurisdiction of such a suit. Whether there was such misdescription as is alleged, and whether it was made inadvertently or fraudulently, are questions which can only be asked and answered in a court of equity. If the plaintiff in error had been evicted, he might bring his action in the circuit court on the breach of warranty contained in his deed. But over the question of fraud or mistake in the description of the numbers of the land in the deed, raised in an action brought to recover back the money paid on the purchase, that court could have no jurisdiction.

Another objection quite as fatal is, that the plaintiff's demand is barred by the statute of limitations, which is pleaded. Some twelve years had elapsed from the date of the purchase and the payment of the money. The plaintiff cannot relieve himself by saying that he had only discovered the pretended fraud within two or three years before bringing his suit. The case of *Simmons* v. *North,* 3 S. & M. 67, is decisive of this. See, also, *Robertson* v. *Alford,* 13 S. & M. 509.

Mr. Justice HANDY delivered the opinion of the court.

This was an action at law in the circuit court of Jasper

Dozier *v.* Ellis.

county, brought by the plaintiff in error against the defendant, to recover a sum of money paid by the plaintiff to the defendant for the purchase of a tract of land in the year 1838.

It appears by the record, that in that year the defendant sold to the plaintiff several tracts and parcels of land at the same time, including the tract which gave rise to this suit; and that after the bargain was concluded, the defendant, at the plaintiff's request, delivered to him all his evidences of title to the lands, including the west half of the north-west quarter of section eight, township two, range thirteen east, in order that the plaintiff might have a proper and satisfactory deed to himself drawn, and that the deed was prepared under the direction of the plaintiff and tendered by him to the defendant, and executed by him. In describing the land sold, this deed conveys the west half of the south-west quarter, which was public land belonging to the United States, instead of the west half of the north-west quarter, which was the property of the defendant.

The defendant denies all fraud in the execution of the deed, and alleges that if a mistake occurred in the deed, in conveying land not intended to be conveyed, it was through the fault of the plaintiff, in having the deed improperly drawn. He further relies on the statute of limitations as a bar to the action of the plaintiff to recover back money paid, as claimed by the plaintiff.

The verdict and judgment being for the defendant, the plaintiff brings the case here by writ of error.

Several points of objection to the rulings of the court upon the trial are urged here in behalf of the plaintiff. But it is unnecessary to consider any other question than the defence under the statute of limitations; for though the decision of the court may have been erroneous on other points, if the judgment be correct on that point, which was vital to the case, it will not be reversed.

In reply to the plea of the statute of limitations, the plaintiff says that the action was brought within three years after the discovery of the alleged fraud. And this presents the question,

whether such a replication is a sufficient answer to a plea of the statute in a court of law.

There is much diversity of opinion upon this point among courts of great learning and authority in this country. The courts of New York, Virginia, South Carolina, and North Carolina have held the replication to be insufficient. *Troupe* v. *Smith*, 20 J. R. 33; *Leonard* v. *Pitney*, 5 Wend. 30; *Allen* v. *Miller*, 17 Ib. 202; *Rice* v. *White*, 4 Leigh, 474; *Callis* v. *Waddy*, 2 Munf. 511; *Miles* v. *Barry*, 1 Hill (S. C.), 296; *Hamilton* v. *Smith*, 3 Murph. 115; while the contrary rule has been held in Massachusetts, Maine, and New Hampshire. *Mass. Turnp. Co.* v. *Field*, 3 Mass. 201; *Homer* v. *Fish*, 1 Pick. 435; *Cole* v. *Mc Glathry*, 9 Greenl. 131; *Sherwood* v. *Sutton*, 5 Mason, 143.

The rule held in this latter class of cases proceeds upon the ground that cases of fraud form an implied exception to the statute, — a principle which, though receiving much sanction at the time the first decision was made in Massachusetts by Chief Justice Parsons, had begun to be doubted in England, and was beginning to be receded from in the courts of this country. Since that time, the principle has been very generally abandoned, and the doctrine is now very fully established, that implied and equitable exceptions are not be engrafted upon the statute, and where the legislature have not made the exception in express words in the statute, that courts cannot allow it on the ground that it is within the reason or equity of the statute. *McIver* v. *Ragan*, 2 Wheat. 25; *Demarest* v. *Wynkoop*, 3 Johns. Ch. R. 129, and the cases first above cited. And this rule has been adopted by this court. *Robertson* v. *Alford*, 13 S. & M. 509.

We are of opinion, therefore, that the rule held in the first class of cases above cited is supported by the sounder reason, and is the better rule; and it follows, that it was no sufficient answer to the plea of the statute in this case, that the action was commenced within three years after the discovery of the alleged fraud.

But if this were not the true rule, the result of this case, for aught that appears in the record, would not be changed; for,

by the contrary rule, it would have been incumbent on the plaintiff to prove that he discovered the fraud within threê years next preceding the institution of the suit, and that he was prevented from making the discovery by the fraudulent concealment of the defendant. And of this the record contains no proof.

Under these views of the case, it is manifest that the plaintiff was not entitled to recover, and that the result should not have been different under any rulings of the court upon other points urged here as grounds for reversal.

The judgment is, therefore, affirmed.