### E. S. MITCHELL, ADMINISTRATOR, *v.* TISHOMINGO SAVINGS INSTITUTION.

1. WITNESS. *Suit of bank against estate of decedent. President competent.*
   The president of a savings institution is a competent witness, either under our statute or by the common law, to establish a claim of such institution against the estate of a deceased person, by testimony as to transactions and conversations occurring in the lifetime of the decedent.

2. SAME. *How impeached by his letter. Incompetent evidence. Reversal.*
   It is improper for a Circuit Court to permit a letter written by a witness in a case, to one of the parties thereto, to be introduced in evidence for the purpose of discrediting his testimony, without his attention being first called to it, and an opportunity afforded him to explain it. But this court will not reverse a judgment for such error, where the verdict is fully supported by competent evidence, and is right upon the whole case.

ERROR to the Circuit Court of Alcorn County.

Hon. J. A. GREEN, Judge.

The case is sufficiently stated in the opinion of the court.

*Reynolds & Reynolds*, for the plaintiff in error, filed an abstract and assignment of errors.

*M. Green*, on the same side.

1. Taylor, the president of the savings institution, was incompetent to establish its claim by testifying as to transactions and conversations in reference thereto, which occurred during the lifetime of the intestate. As a corporation acts through its agents and officers, they are incompetent to establish its claim in such a case, unless it be held that corporations are exempted from the prohibition of the statute.

2. Glover's letter to Taylor was improperly admitted in

evidence to discredit his testimony, as no foundation had been laid for its introduction.

3. The defendant in error had no power, under its charter, to lend money. The transaction with Mitchell, the intestate, was purely a loan. Therefore the contract was void, and there can be no recovery upon it.

*Whitfield & Young*, for the defendant in error.

1. Taylor was competent as a witness. If the death of Mitchell had the effect to restore the common-law rule making all persons interested in the controversy incompetent, still the officers are competent in a suit in which the bank is a party. 1 Greenl. on Ev., sect. 416. Sect. 758 of the Code of 1871 only applies to the parties to a suit, and Taylor is not a party to this suit.

2. If the admission of Glover's letter was erroneous, the court will not disturb the verdict on that account, as it was manifestly right, and could not have been different if the letter had been excluded.

3. As the record contains no proof of the charter or powers of the plaintiff, or of the defence of *ultra vires*, the discussion thereof by the plaintiff in error is irrelevant.

SIMRALL, C. J., delivered the opinion of the court.

This suit was brought by the Tishomingo Savings Institution, to recover from the plaintiff in error the balance due on an inland bill of exchange which his intestate had accepted.

The fifth section of the act incorporating the association, among other things, authorized the company to "invest its capital and profits, or any portion thereof, in bonds, notes, bills of exchange, or any other evidence of debt.   *   *   * It may also deal in exchange, foreign and domestic (Acts 1867, pp. 470, 471, sect. 6), and it may receive on deposit gold or silver coin, bullion, bank-notes, treasury-notes, etc., etc., and pay and receive such rates of interest as may be mutually agreed upon." Sect. 4.

The corporation had express power to "invest" in the bill

of exchange, the subject of the suit.   The contract was not
"*ultra vires*," as argued by counsel for the plaintiff in error.

Exception was taken, in the court below, to the competency
of Taylor, recited in the bill of exceptions to be president of
the company.   The ground of the objection was not named,
but the specification made in this court is, that Taylor could
not depose to conversations and transactions had with the
intestate, in this suit against his personal representative.
He could not testify, it is said, because he was an officer of the
corporation, — an ideal personage, which could deal with its
customers only by its agents; and since (in this case) the
party with whom the contract was made has died, the lips of
the officer of the company are closed also.   The exclusion
made by the first clause of sect. 758 of the Code is of a per-
son who has a claim against a decedent's estate, proposed to
be established by his own testimony.   It was not alleged in
the Circuit Court, as an objection to Taylor, that he was inter-
ested in the bill of exchange or the money due upon it, and
therefore would gain or lose by the result of the suit; but
the disability was supposed to grow out of his relation to the
corporation as its president.   The general management of
the business of the company is confided to three trustees, to
be chosen annually by the stockholders, with power to make
all needful rules for the management of the business, etc.
Taylor was no further interested than is implied in his em-
ployment in the service of the company.

At common law, on considerations of necessity, an agent in
the common course of his business was admissible for his prin-
cipal, — such as a porter, cartman, common carrier, a factor
or broker.   2 Stark. on Ev. 753, 767, 768, note 2.   Though
they might be the recipients of reward and commissions, and
might be responsible over to their principals, yet are they ad-
mitted, because it is highly improbable that any person not
interested should possess knowledge of the facts.   The rule,
grounded on necessity, applies to and embraces a definite
class, such as arises in the natural and usual course of human

affairs. *Ibid.* In the case of *United States Bank* v. *Stearns*, 15 Wend. 316, it was held that the teller of a bank was within the rule. In *Franklin Bank* v. *Freeman*, 16 Pick. 538, the cashier of a bank was held to be competent. In declaring the competency of the same officer, in *Strafford Bank* v. *Cornell et al.*, 1 N. H. 192, the court say, that although this servant of the corporation may be answerable over for negligence, and is *interested* to discharge himself, yet he comes within the exception to the general rule, "from necessity, and for the sake of trade and the common usage of business." See 1 Greenl. on Ev., sect. 416.

So far as the record gives information, Taylor had no direct interest in the suit. He was not shown to have been a shareholder. He might be held liable by the company for negligence, entailing loss upon it, in respect of this debt; but that, in the sense of the authorities cited, would not exclude him at common law. Nor is he included in the statute referred to; for the debt about which he was testifying was not *his* claim against the estate of the intestate. The defence of payment was attempted to be proved by Glover, one of the drawers of the bill. He says, " that about February, 1872, witness and H. Mitchell, the acceptor, called to see plaintiff about the note [acceptance], and *plaintiff* stated to me that Mr. Crockett had deposited with him school-house warrants of Alcorn County to pay the same, and said note was settled." " Mr. Taylor, president of the bank, informed [witness] it [acceptance] had been paid by I. D. Crockett, for Crockett & Glover," as above stated.

Taylor, in his testimony, denied *in toto* the statement made by Glover. He deposed that no deposit of collaterals of any kind had ever been made to secure or satisfy the debt, and that he never told Glover, or any person in his presence, that the draft had been paid, or satisfactory arrangements made for its payment.

I. D. Crockett, one of the drawers, also positively contradicted Glover. He says that he never deposited warrants to

pay this draft, and that it never has been paid, to his knowledge, in any way.   It was manifestly the duty of the jury to find against the issue of payment, as they did.

A letter from Glover to Taylor, dated the 21st of June, 1872, was read in evidence, against the objection of the defendant. The tenor of the letter was an admission of indebtedness, and an inquiry whether Mr. Crockett had paid it, which he doubted, on account of his pecuniary embarrassments.   The only purpose of putting this letter before the jury was to discredit Glover, — containing (as claimed) an admission inconsistent with his testimony.   It may be conceded that Glover's attention should have been directed to it, in the first instance, so that he might have had an opportunity to explain, and that its admission under the circumstances was improper ; but it does not follow, therefore, in order to correct this error, that the judgment must be reversed.   The appellate court will correct those errors, and those only, which have been, or may have been, *prejudicial* to the party who seeks their review. Why remand this cause for a second trial, if it is abundantly certain that the verdict must be for the plaintiff, with this letter excluded ?

The tendency of this letter was to show that, at its date, this debt was unpaid, unless Crockett had taken it up.   In that aspect of it, it was cumulative merely.   Crockett swore that he never had paid it, or made any provision for its payment.   Taylor swore that neither Crockett nor any other person had paid, or arranged to satisfy, the debt.   The testimony was irresistible that payment had not been made.   A collateral circumstance in support of that proposition is, that about a year after it is claimed that satisfaction was made by the school-warrants, a small credit is made on the acceptance. The result is altogether right without the aid of the letter.

The rule is, that if the result is right on the whole case, there will be no reversal because of an erroneous instruction (*Dozier* v. *Ellis*, 28 Miss. 730) ; nor for the admission of illegal, or incompetent testimony to establish a point otherwise

sufficiently proved by competent testimony. *Barringer* v. *Nesbit*, 1 Smed. & M. 22; *Davis* v. *Black*, 5 Smed. & M. 226.

There was enough to establish the plaintiff's case proved by competent testimony without the letter, and no prejudice, such as this court ought to rectify, accrued to the plaintiff in error by its admission.

The judgment is affirmed.

|||
|---|---|
| 56 | 449 |
| 71 | 307 |

|||
|---|---|
| 56 | 449 |
| 77 | 614 |