## L. G. FULTON *v.* M. J. HUGHES.

1. PARTNERSHIP ASSETS. *Sale by one partner to the other. Payment of individual debt. Rights of firm creditors.*
   Where one of two partners in a mercantile firm has bought his copartner's interest in the firm assets, the former may dispose of them in payment of his individual indebtedness; and the firm creditors have no lien upon the assets and cannot avoid such disposition, notwithstanding it may have been agreed between the partners that he who bought the assets should assume and pay off the debts of the firm. *Schmidlapp & Bros.* v. *Currie & Co.,* 55 Miss. 597, cited.

2. EVIDENCE. *Contradictory statements. Foundation therefor. Testimony in affidavit.*
   Evidence of statements made by a witness contradictory of his testimony is inadmissible, without the proper foundation therefor having been laid, even where the testimony sought to be contradicted is contained in an affidavit for a continuance, which the adverse party admits in evidence as the testimony of an absent witness, in order to avoid a continuance of the case.

APPEAL from the Circuit Court of Leake County.

HON. A. G. MAYERS, Judge.

The firm of Fulton & Hughes, a mercantile firm composed of N. J. Fulton and W. M. Hughes, was dissolved by mutual consent of the partners on the 17th of May, 1884, and Fulton sold to Hughes his interest in the firm assets except certain accounts and other property valued at five hundred dollars, which were received by the former and to be appropriated to his individual use. It was agreed between the parties at the time of the dissolution that Hughes should assume and pay off all the debts of the firm.

On the 2d of June, 1884, W. M. Hughes sold the books and accounts, which formerly belonged to the firm of Fulton & Hughes, to his mother, M. J. Hughes, in payment of a debt of nine hundred and fifty-five dollars, which that firm owed her, and his own individual debt of five hundred dollars to her.

In November, 1884, L. G. Fulton, who was a creditor of Fulton & Hughes before the dissolution, recovered a judgment against the firm for the amount of his demand. Upon this judgment writs of garnishment were issued to persons indebted to the defendant firm,

who appeared and suggested that M. J. Hughes claimed the money which they owed. Thereupon M. J. Hughes was summoned to appear and contest with the plaintiffs the right to the money due by the garnishees. Issue having been joined between the plaintiff and the claimant, a trial was had in the circuit court, which resulted in a verdict in favor of the plaintiff. This verdict the court set aside, upon a motion made by the claimant, and granted a new trial. To such action of the court the plaintiff excepted.

When the case was called for a second trial, the claimant applied for a continuance, because of the absence of W. M. Hughes. The facts which the claimant expected to prove by the absent witness, and the reason of his absence were stated in an affidavit made by the claimant's attorney, G. M. C. Davis. The court considered the showing made as entitling the claimant to a continuance, and announced that a continuance would be granted, unless the plaintiff would "admit that the witness would swear to the facts set out" in the affidavit. To this ruling of the court the plaintiff excepted, but "then admitted that Hughes, if present, would swear what is contained in said affidavit."

The case proceeded to trial, witnesses testified on either side, and the affidavit above referred to was put in evidence as the testimony of W. M. Hughes. The plaintiff proposed to prove by several witnesses that W. M. Hughes had made to them severally, at different times, "different statements in reference to the sale of the books and accounts to his mother from those testified to by him in the affidavit for continuance." The claimant objected to the admission of the testimony of such witnesses, on the ground that "no foundation had been laid for the purpose of impeaching the witness, Hughes." The objection was sustained and the plaintiff excepted.

The court gave several instructions for the plaintiff and refused several. Among those refused was one numbered fourteen, and expressed in language as follows:

"The court instructs the jury that if they believe, from the evidence, that Fulton sold out his interest in the firm to Hughes,

in consideration that he should receive certain assets of the firm, and that Hughes agreed to pay all the debts of the firm with the goods, wares, merchandise, books, and accounts then on hand and due and owing the firm, then it was the duty of Hughes to apply all of said property, assets, etc., to the payment of the firm debts, if it required so much ; and that, in law, he had no right to pay an individual debt due by him to Mrs. Hughes with firm assets and leave firm debts unpaid ; and if they believe, from the evidence, that he has paid off an individual debt to Mrs. Hughes with the assets of the firm, then such sale was illegal and fraudulent, and created no title in Mrs. Hughes to so much of the assets so illegally sold."

The seventh, eighth, and ninth instructions given for the claimant, and excepted to by the plaintiff, contain announcements inconsistent with the propositions asserted in the instruction above set forth, and which the court refused to give.

The verdict and judgment were in favor of the claimant, and the plaintiff appealed to this court.

*D. C. Beauchamp,* for the appellant.

The court erred in setting aside plaintiff's verdict. The only cause in motion being that the jury found contrary to law and evidence, I insist that the verdict is sustained by the evidence under the law.

The 7th instruction for the claimant is erroneous, because the evidence goes to prove an absolute sale, and that the books, notes, and accounts of Fulton & Hughes were used in payment of five hundred dollars individual debt of William Hughes to claimant.

The 8th instruction for claimant does not propound to the jury the law governing partnership assets when applied to an individual debt, to the exclusion of firm debts.

The 9th instruction for claimant is error, because from it, although the jury may have believed from the evidence that the five hundred dollars individual debt was paid by firm assets without consent of the retiring partner, leaving him liable, and in violation of the terms of dissolution, and to the exclusion of firm debts,

yet the instruction directs them to find for claimant. And
although it may be true that the law is correctly given for the plain-
tiff, these errors in claimant's instructions misled the jury.

*O. A. Luckett, Jr.*, on the same side.

1. The action of the court below was wrong in setting aside the
first verdict, and we ask this court to reinstate the same and to
enter such judgment thereupon as should have been entered by
the circuit court, to wit: a judgment in favor of appellant against
the garnishees upon their several answers. (See Code 1880, §§
1415 and 2450 as amended by Acts 1884, p. 74.

2. It was competent, in order to weaken the force and effect of
William Hughes' testimony before the jury, to show that he had
sworn different from what is set out in the application for con-
tinuance.

. Anything that would go to contradict the facts set up in the
application for continuance was competent, and the court com-
mitted an error in sustaining the objection of appellee to our testi-
mony going to show that the witness, Hughes, did swear different
from what is set up in the affidavit of appellee's attorney. 40
Miss. 370. The objection that we had laid no foundation to im-
peach the witness is not good, because we had no chance to do so.

3. Our 14th instruction was right and should have been granted.
Hughes was under a strong legal obligation to carry out his con-
tract with his retiring copartner, Fulton, to pay all the debts against
the firm. He had no right to devote these assets to the payment
of his individual debts and leave firm debts unpaid. 11 S. & M.
332 ; 2 Cushm. 170 ; 8 S. & M. 280 ; 2 Geo. 261 ; 7 Geo. 40 ;
50 Miss. 300 ; 55 Miss. 597.

*G. M. C. Davis*, for the appellee.

The action of the court below in setting aside the verdict of the
jury and granting claimant a new trial is presumed to be correct,
and should remain undisturbed by this court unless error is made
manifest by the record. 4 H. 326 ; 5 H. 654; 7 H. 457 ; 2 S. &
M. 510 ; 7 S. & M. 121, 197 ; 3 C. 559 ; 4 G. 550 ; 7 G. 143 ;
44 Miss. 413 ; 50 Miss. 25 ; 52 Miss. 89 ; 56 Miss. 619, 622.

The objection to the testimony of N. J. & L. G. Fulton and O.

A. Luckett, going to show that the witness, W. M. Hughes, had stated to them on a previous occasion that he had turned the books over to his mother for her to get her money out of, and they would then be returned to him—was properly sustained. Because no foundation had been laid to contradict or impeach him, and when the law directs that a fact can only be established in a particular way, the party offering to prove that fact must proceed in that way. See 7 S. & M. 130 ; see Record, p. 71, 72, 73, 74.

Plaintiff contends that because the books were taken in full payment of all her claims against W. M. Hughes, and because W. M. Hughes owed her five hundred dollars, individually as well as nine hundred and fifty-five dollars, firm debt, that the sale was void.

The debt of nine hundred and fifty-five dollars is sufficient to support the sale, especially when it is not shown that W. M. Hughes is insolvent, but where a partnership is dissolved in good faith, and one partner takes the property and assumes the debts of the firm, he may subsequently sell or assign the property for the payment of his individual debts. See Bump on Fraudulent Conveyances, p. 391. And this doctrine is fully discussed and sustained in 55 Miss. 597.

Cooper, C. J., delivered the opinion of the court.

It was not error to set aside the first verdict and grant a new trial to the claimant.

The fact that Fulton, one of the partners, had sold out his interest in all the assets of the firm of Fulton & Hughes is undisputed, and since Fulton no longer had any interest in them, no instructions should have been given in reference to the distinction between firm debts and the individual debts of Hughes. The creditors of the firm had no lien upon the goods or choses in action which had previously belonged to the firm, but which, on its dissolution, became the property of Hughes, and since he alone was owner, he might lawfully appropriate them to the payment of any debt which he owed, whether it was a debt due by the late firm or by himself alone. *Schmidlapp & Bros.* v. *Currie & Co.*, 55 Miss. 597.

The court below properly refused to permit the plaintiff to impeach the credibility of the witness, W. M. Hughes, by showing that he had at other times made contradictory statements in reference to the transfer of the books of account to his mother, the claimant. No foundation had been laid for the introduction of such evidence. The fact that the evidence of this witness was in the shape of a sworn statement made by the counsel for the claimant in his application for a continuance, and consequently that no opportunity was afforded to lay the foundation for impeaching the evidence by a cross-examination of the witness, does not create an exception to the rule. The plaintiff should have declined to admit the affidavit as the testimony of the witness if he desired to retain the right to impeach him. It is well settled in this State as a rule governing the production of testimony, that it is necessary to lay the foundation for the impeaching evidence by calling the attention of the witness to the conflicting statement. *Newcomb* v. *The State*, 37 Miss. 383; *Scarborough* v. *The State*, 52 Miss. 517; *Cavanagh* v. *The State*, 56 Miss. 299; *Mitchell* v. *Savings Institution*, 56 Miss. 444.

An examination of the record satisfies us that errors were committed both for the plaintiff and the claimant, but we are also satisfied that any other result than a verdict for the claimant could not follow a new trial, and for this reason

*The judgment is affirmed.*