### John Hudson *v.* State.

[56 South. 345.]

Witness. *Impeachment. Inconsistent statements.*

    Where in a prosecution for unlawful retailing, in order to lay a predicate for impeachment a witness for the state was asked on cross-examination if he had not made a statement before the grand jury at the time the indictment was found, that he had never bought whiskey from the defendant, it was reversible error for the court to exclude the question, as it went to the credibility of the witness.

Appeal from the circuit court of Harrison county. Hon. T. M. Evans, Special Judge.

John Hudson was convicted of unlawful retailing and appeals.

The facts are fully stated in the opinion of the court.

*J. H. Mize,* for appellant.

The second error assigned is that the court erred in not permitting the witness, Loren King, to answer the question on cross-examination by defendant if he did not state before a grand jury in Harrison county, Mississippi, that he did not buy whiskey from the defendant, John Hudson, during the year 1909.

This is clearly error, as it was an attempt on the part of the defense to impeach Loren King, the star witness

for the state, by showing that he made a different state-
ment before the grand jury. This defendant had the
right to do, as this is clearly the law.

This was error of the most palpable sort. A witness
may be impeached by showing that he made statements
before the grand jury in conflict with his testimony at
the trial.

This is the general line of the best authorities every-
where. *State* v. *McPherson,* 114 Ia. 492, 114 Ia. 492, 87
N. W. 421; *Kirk* v. *Garrett,* 84 Md. 383, 35 Atl. Rep.
1089; *Commonwealth* v. *Meade,* 71 Am. Dec. 741; *Gor-
don* v. *Commonwealth,* 92 Pa. St. 216, 37 Am. Rep. 672;
*Scott* v. *State,* 5 S. W. 142.

Loren King was asked straight out if he did not make
this statement before the grand jury and he was not
permitted to answer. Of, course, if he had testified he
made the statement before the grand jury, it would have
opened up the question why he was testifying as he did
on the trial, and would have been a very material con-
tradiction. If he had denied making such statement be-
fore the grand jury, then the defendant could have pro-
duced members of the grand jury, to testify that he
did make such statement, that he did not buy whiskey
from Hudson in 1909. But, when he was not permitted
to answer this question, it shut off further inquiry and
we submit that he certainly should have been permitted
to answer the question, and the action of the court in not
allowing him so to do was error for which this case
should certainly be reversed.

*James R. McDowell,* assistant attorney-general, for
appellee.

The second error assigned is that witness, Loren King,
who testified for the state, was not permitted to answer
the question propounded to him by counsel for defense
for the purpose of laying a predicate for impeachment.
This witness was asked if he had not testified before the

grand jury that he never did buy any liquor from the defendant in the year 1909. The state objected and the objection was sustained. Of course this witness could not be impeached until the proper predicate had been laid. *Cheatham* v. *State*, 67 Miss. 335; *Fulton* v. *Hughes*, 63 Miss. 61, and numerous other cases which could be cited. I do not understand just why this objection should have been sustained. It seems to me that the court should have admitted it. It is not upon an irrelevant matter, but goes to the very meat of the case, that is, the credibility of the state's witness. I do not think the court could have sustained this objection because the testimony was given before the grand jury for witnesses are not required to keep the secrets of the grand jury when questioned in the courts. If so, then no case would ever go to trial until after the six months had expired. In Underhill on Criminal Evidence, section 238, page 433, the text-book law is laid down as follows:

"The witness whom it is desired to impeach may, upon his cross-examination, be asked if he has not made statements out of court relevant to the guilt of the accused which are inconsistent with or contradictory of his testimony given on direct examination. All the circumstances attendant upon the extrajudicial declarations must be embodied in the question. If he does not admit that, upon the particular occasion designated, he made the statement, it may be proved that he did in fact make it."

I think, therefore, that the testimony should have been admitted. Whether its exclusion is reversible error, I submit to the court. There is proof in the record of other sales. It may be that the court, upon reading the record, will feel that a conviction will result without doubt in spite of the exclusion of this testimony. I submit this proposition to the court.

McLAIN, C.

Appellant was tried and convicted at the January term, 1911, of the circuit court of Harrison county, for

unlawfully retailing liquor, and was sentenced. From this judgment and sentence he appeals to this court.

In our judgment, the chief assignment of error is as follows: "The court erred in not permitting the witness, Loren King, to answer the question, on cross-examination by the defendant, if he did not, before the grand jury in Harrison county, Mississippi, state, when this indictment was found, that he did not buy whiskey from the defendant, John Hudson, during the year 1909, or at any other time." To this question the state objected, and the objection was sustained by the court. We think this was error. This witness could not be impeached until the proper predicate had been laid. *Cheatham* v. *State,* 67 Miss. 335, 7 South. 204, 19 Am. St. Rep. 310; *Fulton* v. *Hughes,* 63 Miss. 61. Several witnesses, all of whom were members of King's family, testified that they had bought whiskey from appellant, but no two testified to the same sale.

This was a material inquiry, going to the credibility of this witness for the state. "The witness whom it is desired to impeach may, upon his cross-examination, be asked if he has not made statements out of court, relevant to the guilt of the accused, which are inconsistent with or contradictory of his testimony given on direct examination. All the circumstances attendant upon the extrajudicial declaration must be embodied in the question. If he does not admit that, upon the particular occasion designated, he made the statement, it may be proved that he did in fact make it." Underhill on Crim. Ev., section 238. This was an attempt on the part of the defense to impeach the witness, by showing that he had made a different statement before the grand jury. The court refusing to allow this, the defense was not able to lay a predicate for impeachment. An impeachment could not be established until the proper predicate had been laid. In our judgment, the court erred in not admitting this line of inquiry. It was certainly not irrelevant

matter, but, on the contrary, it was very material, as it went to the credibility of this witness.

For this error, we think the case should be reversed.

*Reversed and remanded.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and, for the reasons therein indicated, the judgment is reversed, and the cause remanded.