CLARK *v.* STATE.

[66 South. 977.]

WITNESSES. *Cross-examination. Proof of contradictory statements.*
In the trial of a criminal case it was error to refuse to permit the defendant to cross-examine a state witness, as to contradictory statements made by him before the grand jury and regarding acts of intimidation at the time when the case was being examined for indictment.

APPEAL from the circuit court of Sunflower county. HON. F. E. EVERETT, Judge.

Daisy Clark was convicted of unlawful retailing and appeals.

The facts are fully stated in the opinion of the court.

*J. H. Price,* for appellant.

*Ross A. Collins,* Attorney-General for the state.

REED, J., delivered the opinion of the court.

Appellant was convicted on the charge of unlawfully selling intoxicating liquor upon the evidence of one witness who testified to one sale. She assigns as error the action of the trial court in sustaining objection to a question propounded upon cross-examination to the witness touching his testimony before the grand jury upon the investigation of this case.

In order that the ruling of the court may be clearly shown, we quote from the record of the cross-examination of the witness as follows:

"Q. Who have you talked to about this case? A. Talked to about it? Q. Yes. A. Scusing to-day? Q. Yes, scusing to-day? A. Nobody. Q. Never told anybody before that you bought whisky from this woman, did you? A. Before to-day? Q. Yes. A. Yes, sir; I remember telling somebody. Q. Who did you tell that? A. I told them in the grand jury room, I think it was. Q. You didn't tell it when you first went in the grand jury room, did you, Bill? Mr. Scott: The state objects to that. The Court: The objection is sustained. Mr. Price: In this case I think we are entitled to show something here. The Court: The objection is sustained. Mr. Price: The point is that I am trying to establish— The Court: I don't care to hear any argument on it. The objection is sustained. Mr. Price: If your honor please, if you will retire the jury and give me a half a minute, I think I can show you where it ought to go to the jury. The Court: Proceed with the trial. Mr. Price: We except. Q. All right, sir; weren't you whipped before you would tell this before the grand jury? Didn't you go before them and tell them that you didn't know any violations of the law, and then weren't you whipped, and then after you were whipped, didn't you go back before the grand jury and testify? Mr. Williams: The state objects. The Court: The objection is sustained. Mr. Price: I think it is competent."

·It was error for the court to refuse to permit the witness to testify concerning the statements he made before the grand jury and regarding acts of intimidation at the time when the case was being investigated for indictment. The testimony which was sought to be elicited affected the credibility of the witness. *Hudson v. State,* 100 Miss. 185, 56 So. 345.

*Reversed and remanded.*