BANK OF DUNCAN *v.* EDWIN R. BRITTAIN ET AL.

[46 South., 163.]

PROMISSORY NOTES.    *Construction.    Stipulation for attorney's fees.*

> The maker of a promissory note, containing a promise to pay a ten
> per centum attorney's fee should the note after maturity and
> before payment be placed in the hands of an attorney for collec-
> tion, is bound thereby when the note is so placed and the payee
> has become liable to the attorney for fees, although suit was not
> brought on the note.

FROM the circuit court of, second district, Bolivar county.
HON. SYDNEY M. SMITH, Judge.

Brittain and another, appellees, were plaintiffs in the court
below, the Bank of Duncan, appellant, was defendant there.
From a judgment in favor of the plaintiffs the defendant ap-
pealed to the supreme court.

The plaintiffs sued the bank to recover money paid it under
protest. The bank had placed plaintiffs' note in the hands of its
attorneys for collection paying them in advance a fee equal to
ten per centum of the note. The case was tried before the court
on an agreed statement of facts, the substance of which was that
the plaintiffs had executed to the bank a promissory note and
failed to pay the same at maturity. The note stipulated that
if it should be placed in the hands of an attorney for collection,
the makers and endorsers were to pay the holder ten per centum
upon the amount due as an attorney's fee. To secure the pay-
ment of the note the plaintiffs had executed a deed of trust on
lands in the county, containing usual conditions as to foreclos-
ure by trustee's advertisement and sale. Some months after
maturity of the unpaid note and after presentation to plain-
tiffs for payment the bank turned the note over to a firm of at-
torneys for collection. Instead of bringing suit on the note the
attorneys prepared necessary advertisement notices and delivered
the same to the bank to have them signed by the trustee in the

deed of trust, and made advertisement for foreclosure *in pais.* The plaintiffs were willing to pay the principal and interest called for in the note, but refused to pay the additional ten per centum claimed as a stipulated attorney's fee. After advertisement of the land had been made by the trustee, the plaintiffs paid the full amount demanded, including the attorney's fee, and thereafter sued the bank for recovery of the amount paid as attorney's fee. The plaintiffs' contention was that the attorneys, instead of suing on the note, had done only what the bank itself could easily have done, instructed the trustee to make advertisement under the terms of the deed of trust, and that no attorney's fee was due; the plaintiffs being liable, if at all, only for a reasonable trustee's fee for advertising the sale and incidental expenses incurred in connection with it.

*Alexander Y. Scott,* for appellant.

After the note fell due and remained unpaid and after presentation for payment, the appellant bank had a legal right to place the note in the hands of attorneys for collection; and immediately on its so doing the appellees became liable to pay an attorney's fee under the stipulations of their note. *Meacham* v. *Pinson,* 60 Miss., 217; *Eyrich* v. *Bank,* 67 Miss., 60, 6 South., 615; *Braham* v. *Bank,* 72 Miss., 266, 16 South., 203; *Duggan* v. *Champlin,* 75 Miss., 441, 23 South., 179; *Bendey* v. *Townsend,* 109 U. S., 665; *Bronson* v. *Railroad Co.,* 2 Wall. (U. S.), 283, 17 L. Ed., 725.

The note was several months overdue when placed in the attorneys' hands, and when the bank delivered the note to its attorneys it incurred liability to them for the legal fees of the attorneys, and the firm held the bank primarily responsible for such fees. It is undenied that such attorneys' fee was for a reasonable amount. And it will be noted that the appellees' deed of trust secured the attorney's fee called for in the note as well as the principal and interest of the indebtedness.

Had the appellees paid their note at maturity or within a

reasonable time afterwards, they would not have forced the bank to the necessity of placing their note in the hands of attorneys for collection.

The fact that the attorneys, after investigation of the matter and after seeking to enforce collection by interview with the debtors, decided to proceed to collect by foreclosure proceedings rather than by suit, did not constitute a waiver of the stipulation in the note making appellees liable for payment of their fee.

The case of *Elkin* v. *Rives,* 82 Miss., 746, 35 South., 200, cited by appellees, is not in point. The provisions in the note in that case differ from this. And the trustee in that case was an attorney and he was of course not entitled to compensation as attorney and also as a trustee. It is of course universally held that a trustee, who is an attorney, can make no charge against a trust estate for services as an attorney while also claiming compensation as trustee in the same matter.

*Frank Johnston,* on the same side.

It is undisputed that the attorneys for appellant advised a sale of the property by the trustee after the notes were placed in their hands for collection, and that upon their advice and under their supervision the trustee advertised the property for sale in accordance with the terms of the deed of trust, and was in fact preparing to sell the property when the appellees made payment of the amount demanded.

The only possible objection that can be raised by appellees is that the attorneys had the sale advertised by the trustee instead of resorting to a foreclosure in equity or a suit for recovery of personal judgment in the circuit court. The method of procedure to make the amount due was a proposition of a legal nature, and naturally the bank, after maturity of the note and refusal by the makers to pay it, turned the matter over to its attorneys. And the bank had the undoubted right to have its attorneys select and advise the more desirable mode of enforceing collection.

It is a well known fact that all trustee's sales and sales by executors and administrators and guardians are invariably, or at least almost universally, made under the directions, advice and supervision of the attorneys of the parties in interest. Laymen are apt to go wrong in the details and methods of making these sales, and it is advisable that those learned in the procedure required by law should determine the procedure.

It will not do to say that the bank should have left the whole matter in the hands of the trustee named in the deed of trust, for the stipulation of the note showed that the bank had an undoubted right to have the legal services of attorneys to advise and control the method of collection of the mortgage debt. The stipulation as to attorney's fee was reasonable. *Duggan* v. *Champlin,* 75 Miss., 441, 23 South., 179; *Brahan* v. *Bank,* 72 Miss., 266, 16 South., 203; *Eyrich* v. *Bank,* 67 Miss., 60, 6 South., 615.

A reasonable attorney's fee in case of foreclosure may, as a general rule, be stipulated for in the mortgage, and recovered against subsequent incumbrance. 20 Am. & Eng. Encyc. Law (2d ed.), 934.

That appellant was entitled to a judgment in its favor under the agreed statement of facts, is shown by the following decisions: *Danforth* v. *Charles,* 1 Dak., 273, 46 N. W., 576; *Improvement Co.* v. *Evers,* 65 Ill. App., 205; *Jones* v. *Schulmeyer,* 39 Ind., 119; *Schmidt* v. *Potter,* 35 Ia., 426; *Simon* v. *Heifligh,* 21 La. Ann., 607; *Gordon* v. *Decker,* 19 Wash., 188; *Scholey* v. *Demattos,* 18 Wash., 504; *Mosher* v. *Chapin,* 12 Wis., 453; *Maus* v. *McNillip,* 38 Md., 231; *Edwards* v. *Grand,* 121 Cal., 254; *Vermont Light, etc., Co.* v. *Greer,* 19 Wash., 611; *Clawson* v. *Munson,* 55 Ill., 394; *Tholen* v. *Duffey,* 7 Kas., 405; 13 Am. & Eng. Encyc. Law (2d ed.), 823; *Building Ass'n* v. *Griffin,* 90 Tex., 480; *Abbott* v. *Stone,* 70 Ill., 671.

*Moore, Sillers & Owen,* for appellees.

This case is governed by *Elkin* v. *Rives,* 82 Miss., 746, 35 South., 200, and *Tompkins* v. *Drennen,* 95 Ala., 463, 10 South.,

638.   The just rule established by our courts will not permit a tyrannical creditor to oppress his debtors whom he wishes unnecessarily to punish.   The provision in the note as to attorney's fee was intended to protect a creditor from loss if court proceedings should be necessary; but it was never intended to be used to oppress a debtor unduly.

The attorneys for the bank merely did what the bank could and should have done when the debtors failed to pay their note. They merely notified the trustee named in the deed of trust to advertise the property and satisfy the indebtedness if possible by foreclosure sale *in pais*.   If the bank had itself done this there would have been no legal claim against appellees for attorney's fee, but merely the compensation allowable to the trustee for his services and the expenses incidental to advertisement.

There were two methods open to the bank by which the debt due it could be collected.   One was by trustee's foreclosure, the other by suit on the note.   As the bank elected to proceed by foreclosure through the trustee, it is not entitled to demand attorney's fee.

Argued orally by *Frank Johnston,* for appellant.

CALHOON, J., delivered the opinion of the court.

This cause was tried by the presiding judge of the court below, a jury being waived by the parties.   It seems that by an agreement of the parties, two cases are made to depend upon the result of the appeal in this case.   Both cases present about the same facts.   Both are to be decided upon a clause in each of two promissory notes each secured by deeds of trust naming a trustee.   In one of the notes it is provided that "If this note is placed in the hands of an attorney for collection, the makers or endorsers hereof agree to pay the holder of this note ten per cent attorney's fee upon the amount due."   In the other note there is a provision that the promisor would pay at a day fixed the principal and interest "With reasonable attorney's fee for collection if not paid when due."

There can be reasonably no distinction drawn between the two notes as to the attorney's fee because it is agreed to all around that if attorney's fees were to be paid at all the amount charged was reasonable.

We deal now particularly with the note of E. R. and L. C. Brittain, though what we say as to this would apply of course equally to both. In both the notes, the Bank of Duncan was the payee, the one directly and the other by endorsements to it.

The note fell due and was not paid. Thereupon, it was turned over to a firm of solicitors for collection. Immediately that this was done, these solicitors had the right to claim from the Bank of Duncan their fee, and they did claim it, and the Bank did pay it. The promisor in the note paid the amount secured to the trustee in the deed of trust given to secure it, but paid the attorney's fee under protest. This payment was made after the land had been advertised for sale and before sale, and the promisor in the note brought suit against the Bank of Duncan to recover the amount paid as attorney's fee, and the court below permitted this recovery giving judgment against the Bank of Duncan for that sum.

It is settled too well for disputation in Mississippi that stipulations in promissory notes to pay attorney's fees are valid subjects of contract. See authorities cited in the briefs. When the Bank of Duncan turned the note and trust deed over for collection to the solicitors, they concluded to proceed by advertisement of sale through the trustee and did so proceed. The mode of procedure depended upon them, and as their judgment might dictate they could have advised procedure at law or in equity or by the proceedings *in pais* which they finally adopted. Of course the Bank of Duncan was liable to them for the fee under repeated decisions, and, by the terms of the contract, the promisor in the note because liable to have these fees paid out of the proceeds of sale or on final liquidation of the claim.

Cases which hold that where the attorney is also the trustee, he cannot charge both as such and as attorney, and cases which

hold that, in such double official relation he could only charge as trustee, have no pertinency in this case, which must be

*Reversed and remanded.*