FARRELL *v.* McCUTCHON *et al.*

(Division B. Sept. 26, 1938.   Suggestion of Error Overruled Oct. 24, 1938.)

[183 So. 386.   No. 33305.]

**J. F. Galloway**, of Gulfport, for appellant.

**White & Morse,** of Gulfport, for appellees.

**McGehee, J.,** delivered the opinion of the court.

On February 26, 1934, Frederick B. McCutchon executed his promissory note in favor of the appellant, Owen P. Farrell, for the principal sum of $581.47, payable one year after date, together with interest at 6% per annum from date until paid, and also providing for the payment of an attorney's fee of 15% on the unpaid prin-

cipal and interest in the event default was made in the payment of the note at maturity, and if the same was placed in the hands of an attorney for collection. Default was made in the payment of the note at maturity, and it was placed by the appellant in the hands of his attorney for collection, but McCutchon died during the month of July, 1935, without collection of the note having been made. Subsequent to his death, and within the time required by law, the appellant probated his claim against the estate by filing the original note in the office of the clerk of the chancery court, and by attaching thereto the statutory affidavit in the form required for probating such a claim. The affidavit, however, stated the claim as ''amounting to $581.47, which claim is attached hereto, and that it is just, correct and owing from the said Frederick B. McCutchon, Deceased,'' the amount having been inserted by the clerk, who testified that he assumed that the interest would be computed when the claim was paid. In other words, the interest which had accrued on the face of the note was not expressly included in the affidavit or in the amount for which the claim was allowed. The claim, as probated, also failed to include the 15% attorney's fee which had accrued on the note, and failed to show affirmatively that the note had theretofore been placed in the hands of the attorney for collection. The executors, who are the appellees here, refused to pay the claim in full, including the interest and attorney's fee, and denied liability of the estate for any amount except as to the principal sum provided for in the note, and on which they paid the sum of $162.81 prior to the filing of this suit. Upon an affirmance by the circuit court of Harrison County of a judgment rendered by the county court thereof, allowing a recovery only for the balance due on the principal, the appellant prosecutes this appeal.

In view of the fact that the proof discloses that the original note, bearing interest on its face, was attached to the affidavit, and referred to therein, when the claim

was probated, and the requirements of the statutes were substantially complied with as to leaving a copy of the note on file when the original was withdrawn by the appellant subsequent to its probate, we are of the opinion that since there were at that time no credits shown thereon of the payment of any interest which had then accrued by the terms of the note, the claim for interest followed as an incident thereto; that the probate of the claim was sufficient to entitle the creditor to collect both the principal and interest from the estate; but that the probate was not then sufficient to entitle the appellant to collect the 15% attorney's fee, for the reason that the claim did not affirmatively show that the contingency had arisen upon which the attorney's fee would have become due and payable. If the executors had then tendered to the appellant the principal of the note and accrued interest, that would have saved the estate from liability for any attorney's fee for legal services rendered. But, having failed to pay or offer to pay the full amount of the principal and interest shown to be due on the face of the note attached to the affidavit of probate, the estate became liable for the attorney's fee of 15%, which thereafter accrued by the filing of this suit, on the unpaid portion of the principal of the note and on all of the accrued interest at the time of the rendition of the judgment, it not being necessary to probate the attorney's fee which accrued subsequent to the probate of the claim; and a judgment will be rendered here accordingly.

Reversed and judgment here for the appellant.