PEOPLES BANK & TRUST CO. *v.* GARNER, EXTR.

June 8, 1953

No. 38826 34 Adv. S. 156 65 So. 2d 273

*J. S. Finch,* Booneville, for appellant.

*E. K. Windham,* Booneville, for appellee.

McGEHEE, C. J.

The sole question presented on this appeal is whether or not the appellee, S. Guy Garner, as the executor of the estate of H. H. Yates, deceased, is liable for an attor-

ney's fee on the promissory note sued on, and which was executed by L. H. Oakley and the said H. H. Yates on October 31, 1950, in favor of the appellant, The Peoples Bank and Trust Company of Tupelo, Mississippi, for the principal sum of $3,700.00, together with interest at the rate of 8% per annum from date until paid, and which provides that "If this note is placed in the hands of an attorney for collection, we agree to pay to said Bank or holder the legal attorney's fee upon the amount due." It was stipulated by the parties upon the trial that "It is here agreed, however, that if this defendant, as executor, is liable for an attorney's fee to complainant, 10% of the principal and interest is a reasonable, legal fee."

The note sued on became due and payable on April 30, 1951. About a week or ten days prior thereto, one of the makers, H. H. Yates, now deceased, went to the bank to find out if the note might be renewed. He was informed by the vice-president of the bank that the makers of the note would be required to pay one-fourth of the principal and the accrued interest, as a condition precedent to the requested renewal. Mr. Yates left the bank to see if his comaker, Mr. Oakley, his son-in-law, could arrange to handle the matter as outlined by the bank official. On May 2, 1951, the bank sent its usual form of past-due notices to both Mr. Oakley and Mr. Yates, with the result that the latter again went to the bank soon thereafter and inquired if Mr. Oakley had been to the bank, and when informed that he had not been, said he was going to see him. A few days later Mr. Yates returned to the bank and informed the official thereof that he had seen Mr. Oakley and had found that he could not even pay the interest, to say nothing of the principal.

On about May 10, 1951, this officer of the bank again sent notices of the past-due note to both Mr. Yates and Mr. Oakley. The former again went to the bank and inquired if Mr. Oakley had been in to make any arrangement about paying the note, and when advised that he

had not, Mr. Yates again went to see Mr. Oakley about the matter. It appears that Mr. Yates died during the latter part of May 1951 without anything having been paid on the indebtedness.

On June 6, 1951, the appellee qualified as executor of the estate of H. H. Yates, deceased, and notice to creditors of his estate was first published on June 14, 1951. Thereafter, on July 28, 1951, the appellant bank turned the note over to its attorney for collection. In the meantime, Mr. Oakley, who had been in the shoe business, had closed his store according to the information received by the said official of the bank, and this official of the bank had been informed that Mr. Yates had conveyed away his lands, but he did not examine the records to ascertain if this was true.

On August 20, 1951, the attorney for the appellant bank sought to collect the note by making demand on both Oakley and the executor of the estate of Mr. Yates. His efforts being without avail he probated the note against the Yates Estate on September 4, 1951, after being advised by the attorney for the executor on the day before that if the note was probated he thought it would be paid. The claim, as probated, included an attorney's fee of 10% on the amount of the principal and interest due on the note or a fee of $395.07.

There was testimony that the executor was willing to pay the probated claim less the attorney's fee, but to include interest only to the date of the probate of the note. No actual tender was made, but this proposition was unacceptable to the bank or to its attorney.

Nothing further was done about the matter, and on January 9, 1952, the appellant bank brought this suit to recover the amount of the principal, accrued interest and attorney's fee. The suit was transferred to the chancery court where the pleadings were reformed, and the answer of the defendant executor admitted liability for the principal sum of the note, together with the accrued in-

terest, and asked to be permitted to pay the same into the court in full discharge of the liability of the estate.

After hearing the testimony as to the facts hereinbefore related, and which were undisputed, the trial court rendered a decree in favor of the appellant for the principal amount of the note in the sum of $3,700.00 together with interest at the rate of 8% per annum from date as provided for in the note, but disallowed the 10% attorney's fee insofar as the estate of H. H. Yates was concerned.

A decree pro confesso was taken against L. H. Oakley, and in the final decree he was adjudged liable for the principal, interest, and a 10% attorney's fee on the note.

The appeal here is from that portion of the decree which disallowed a recovery of the attorney's fee as against the estate of H. H. Yates, deceased.

As hereinbefore shown the makers of this note had defaulted in the payment thereof, after repeated demand for payment, prior to the death of H. H. Yates, and although the same had not been placed in the hands of an attorney prior to his death, and could not have been paid by the executor until after the same had been duly probated against the estate, the fact remains that although the estate is alleged by the executor to have been abundantly solvent nothing was done toward the payment of the note after the same was probated on September 4, 1951, and prior to the filing of this suit on January 9, 1952. In that connection the executor was asked: "Q. Mr. Garner, if you had been in position and was able to and willing to pay this indebtedness, why didn't you pay it after it was probated, up to January when this suit was filed? A. I was waiting on Mr. Oakley. He promised to pay it off. It was his indebtedness. Mr. Yates had died. He kept telling me he was going to pay it off, that he was going to get the money to pay it off. That the only reason the estate hadn't paid it off."

The chancellor was of the opinion that if under the law the fee can be claimed in this case, then any note that a man owes at the time of his death can be placed in the hands of an attorney and the fee provided for in the note charged against the estate, and that this would neither be right nor just. ■■■ We agree that it would not do to permit notes which mature during the administration of an estate to be placed in the hands of an attorney when unnecessary and so as to tax the estate with a fee where the only thing needed to be done to protect the holder of the note is for him to probate the same against the estate. ■■■ It is nevertheless true that where default has been made in the payment of a note by the maker during his lifetime and the creditor has good reason to believe that he needs the services of an attorney to protect his interest in the matter of the collection of the indebtedness against the estate, he would be entitled to do so and to collect the fee provided for in the note in the event of default in the payment thereof.

In the case of Merchants & Manufacturers Bank v. Fox, 165 Miss. 833, 147 So. 789, the cashier of the bank undertook to probate some notes against the Estate of D. B. Fox, deceased, and the probate proved to be ineffective because of the failure of the clerk to sign the notation which he had made showing the notes to have been probated and allowed, in certain amounts, and registered on a given date. This Court expressed its regret that a just claim should have to be rejected for the reason above indicated and then stated in the opinion in the case that "In such a large claim as this, the bank should have had its attorney to attend to this important matter, and thus the loss would have been avoided."

■■■ The attorney's fee is a part of the legal demand in favor of the creditor when default has been made in the payment of a note which contains a provision for the payment of an attorney's fee if placed in the hands of an attorney for collection after default. In the cases of Bank of Duncan v. Brittain, et al, 92 Miss. 545, 46 So.

163, and Parks v. Granger, 96 Miss. 503, 51 So. 716, it was held that the attorney's fee was a part of the demand sued on in determining the jurisdiction of a justice of the peace court.

In the case of Burt v. Brashears, 118 Miss. 339, 79 So. 182, the Court held that the payee of a note who has turned the same over to a lawyer on default for collection is entitled to the attorney's fee provided for therein, even though the interest on the note was forfeited because of usury. Therein the Court said:

"It is conceded that the notes were placed with the law firm of Sillers & Sillers for collection, and under the express contract attorney's fees became due and payable as a part of the note. Our courts have construed this provision for attorney's fees liberally in favor of the holder of a promissory note, upholding its validity and even holding that where the maker of the note containing such a provision is garnished and fails to pay the proceeds of the note into the court having jurisdiction of the garnishment, he remains liable for the commissions, if collection is made by an attorney. Brahan v. Bank, 72 Miss. 266, 16 So. 203. In the case mentioned, the opinion states:

" 'If appellant had wished to escape possible liability for attorney's fees and accumulating interest, he should have availed of his privilege to pay into court the amount of the notes as they fell due, suggesting the fact of their negotiation, if known to him.' "

In the instant case the executor did not make a tender of the principal and all of the accrued interest until after the suit was filed against him, following the expiration of the six months period for bringing suit after the first publication of notice to creditors. As testified to by him he was waiting for Mr. Oakley, the comaker of the note, to pay the same.

It is suggested in the proof that the estate of Mr. Yates was worth several times as much as the amount due on the note and that he owned approximately 1,000

acres of land in addition to his liquid assets, but the executor was making no effort to have any part of the land sold for the payment of the debts of the estate, nor was he undertaking to pay this indebtedness out of any of the liquid assets thereof.

In the case of Farrell v. McCutchon, et al, 183 Miss. 50, 183 So. 386, McCutchon had executed his promissory note on February 26, 1934, in favor of the appellant Owen P. Farrell, payable one year after date, and providing for interest at 6% per annum and also for an attorney's fee in the event of default, and if the note was placed in the hands of an attorney for collection. McCutchon died during the month of July, 1935, when the note was past due and unpaid. The appellant probated his claim against the estate, and it denied liability except as to the principal sum provided for in the note, on the ground that the claim was not properly probated as to the interest and attorney's fee. But this Court held that inasmuch as the original note itself was attached to the affidavit of probate, and referred to therein, that the probate of the claim was sufficient to entitle the creditor to collect both the principal and interest from the estate; but that the probate was not then sufficient to entitle the appellant to collect the 15% attorney's fee, for the reason that the claim did not affirmatively show that the contingency had arisen upon which the attorney's fee would have become due and payable. The Court then stated: ''But, having failed to pay or offer to pay the full amount of the principal and interest shown to be due on the face of the note attached to the affidavit of probate, the estate became liable for the attorney's fee of 15%, which thereafter accrued by the filing of this suit, on the unpaid portion of the principal of the note and on the accrued interest at the time of the rendition of the judgment, it not being necessary to probate the attorney's fee which accrued subsequent to the probate of the claim; and a judgment will be rendered here accordingly.''

 We are, therefore, of the opinion that the attorney's fee accrued under the facts and circumstances of this case, and that the appellant was entitled to a judgment therefor, in the amount of 10% on the amount of the principal and interest decreed to be due on the note sued on, against the estate of H. H. Yates, deceased, the same as was rendered against his comaker L. H. Oakley, and that the decree should, therefore, be affirmed as to the amount awarded as principal and interest and reversed and a judgment rendered here for 10% of the principal of the note and 8% interest per annum thereon from and after October 31, 1950.

Affirmed in part, reversed in part, and judgment here for the appellant accordingly.

*Lee, Kyle, Arrington* and *Ethridge, JJ.,* concur.