BRANTLEY, J.,
for the court.
¶ 1. The Chancery Court of Copiah County struck the probated claims filed by Anthony lemma against the estate of Glenn Lingle, deceased and lemma appeals. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. The chancery court on April 5, 1999, admitted Glenn Lingle’s last will and testament to probate and granted letters testamentary to Catherine S. Lingle as executor. Lingle filed her affidavit of executor and notice to creditors was published.
¶ 3. Lingle wrote a letter to Anthony lemma on April 20, 1999, informing him that the will was “now in probate and [she was] to notify anyone with a possible claim against the estate and also to collect any money owed to it.” She asserted that lemma owed the estate $1,022,774.48 due on an employment contract he entered into with the deceased. She also requested “documents pertaining to this matter and any signed notes that can be deducted from the balance due.”
¶ 4. On May 6, 1999, lemma responded to the letter requesting the name of the attorney handling the estate because he was now asserting a claim against the estate for the balance owed on a promissory note, which he attached to the letter, plus interest owed to him by the deceased. The promissory note is not in the record.
¶ 5. On July 1, 1999, lemma mailed a certified letter to Lingle referencing his first letter and again requested information to file a claim against the estate for $73,000 plus interest and attorney fees as provided in the note. There is no re-sponsé by Lingle in the record to either of his letters, and she did not list lemma as a creditor on her affidavit filed with the court.
¶ 6. The ninety-day deadline to submit a claim against the estate was on July 4, 1999. On September 16, 1999, lemma filed and registered two affidavits which purported to claim $82,534.67 and $873,000 respectively from the estate. No supporting documentation was attached to the affidavits. On December 16, 1999, lemma filed a petition to remove Lingle as the *322 executrix and to' allow his out-of-time claims because she allegedly filed her affidavit under fraud and withheld information in order to unjustly enrich herself. Lingle filed her response to.the petition and filed a motion to strike the claims because they were not timely filed and did not meet the requirements of probated claims under Mississippi law.
¶ 7. On January 4, 2000, a hearing was held but no transcript appears in the record. However, there is a letter in the record from Lingle’s attorney to lemma’s attorney' requesting approval of the proposed judgment striking the claims as per the chancellor’s ruling. A second letter requesting approval was sent on January 26, 2000. lemma did not respond to either letter.
¶ 8. On March 1, 2000, Lingle filed a motion to compel entry of judgment. On March 24, 2000, the judgment was entered striking the claims because they did not state a prima facie claim under existing law. The chancellor held he was not required to rule on issues of timeliness of notice to creditors or the timéliness of the filing of the claim in reaching his decision because he was ruling on the merits of the claims. The record does not reflect any motion, either written or ore tenus, by lemma seeking to amend his claims.
DISCUSSION OF THE ISSUES
I. WHETHER THE TRIAL COURT ERRED IN STRIKING THE CLAIMS.
¶ 9. In striking the claims, the chancellor stated that because the claims failed to meet the-requirements of the law, “the court is not required to rule on the timeliness of the notice to creditors or the timeliness of the filing of the claim in reaching its decision.” lemma claims that the trial court erred in striking his claims because Lingle failed to sustain her oath and duties as executrix. In addition, lemma argues that Lingle willfully failed to provide him with a copy of thé notice to creditors and failed to inform him in writing that failure to have his claims probated within ninety-days from the first publication barred his claims.
¶ 10. The chancellor’s finding that the claims did not meet the requirements under the law is a question of law. The standard of review for questions of law is de novo. Tomsche v. Fort (Matter of Estate of Mason), 616 So.2d 322, 327 (Miss.1993). Therefore, we will-review the law and evidence of this case de novo.
¶ 11. Under Mississippi law, an executrix’s duty to creditors include reasonable efforts to identify potential creditors and to notify them that they must probate and register their claim within ninety days after the first notice of creditors publication. Miss.Code Ann. § 91-7-145 (Rev.1994). Accordingly, Lingle had a duty to identify and notify creditors. Lingle’s letter seeking a balance due from an employment contract indicates that she considered lemma a debtor not a creditor, but the letter did place him on notice that an estate existed. lemma did file a claim but it was not timely. However, lemma claims Lin-gle failed in her duties as the executrix.
¶ 12. A prerequisite to claiming creditor’s rights is having a valid claim. Without a claim, lemma is not a creditor and Lingle owes him no duty as executrix. In order for creditors to probate a claim, they must provide the clerk with written evidence of an itemized account or a promissory note attached to an affidavit. Miss. Code Ann. § 91-7-149 (Rev.1994). A probated claim must substantially comply with the provisions of Miss.Code Ann. § 91-7-149. Central Optical Merchandising Co. v. Lowe’s Estate, 249 Miss. 61, 160 So.2d 673, 678 (1964). “The written evidence or *323 statement of claim must on its face show a prima facie right to recover from the estate or that liability exists on the part of the estate.” Wilson v. Yandell, 174 Miss. 713, 722, 165 So. 430, 433 (1936). An adequate claim must give notice that it existed against the estate, must distinguish the claim with reasonable certainty from all other similar claims and must give information concerning the nature and amount of the demand so that it would enable the representative of the estate to act intelligently either in providing for its payment or in rejecting it. Central Optical Merchandising Co., 160 So.2d at 678.
¶ 13. In the present case, there were no supporting documents or statements to educate the estate about thé claims. Each claim provided only the assertion that lemma’s claims were just, correct, and owing from the deceased and the amounts entered by the clerk. lemma’s vague affidavits did not inform Lingle as to the nature of his claims so that as executrix she could have acted intelligently in providing for their payment or rejection. 'Id. at 678. These statements of claim on their face do not show a prima facie right to recover from the estate. Wilson, 174 Miss, at 713, 165 So. at 433. Without a right to recover, lemma was owed no duty. The trial court did not err and this assignment of error is without merit.
II. WHETHER ANTHONY MAY AMEND HIS CLAIMS.
¶ 14. The record' reflects no attempt by lemma to amend his claim at the trial level. “As this issue was not raised at trial, it is procedurally barred from review by this Court.” Harris v. Lewis, 755 So.2d 1199, 1204(¶ 15) (Miss.Ct.App.1999). Therefore, this assignment of error is procedurally barred from consideration.
¶ 15. THE JUDGMENT OF THE CO-PIAH COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, DEE, MYERS AND CHANDLER, JJ., CONCUR. IRVING, J., NOT PARTICIPATING.