# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-CA-00421-SCT

*IN RE THE ESTATE OF HERBERT BERNARD IVISON, JR.: MALOUF & MALOUF, PLLC*

*v.*

*THE ESTATE OF HERBERT BERNARD IVISON, JR. AND REBECCA CASE IVISON*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/22/2024 |
| TRIAL JUDGE: | HON. JANACE H. GOREE |
| TRIAL COURT ATTORNEYS: | LES ALVIS |
| | ADDISON CRAIG MORTON |
| | TIMOTHY D. MOORE |
| | EDWARD BLACKMON |
| | DAVID MICHAEL HURST, JR. |
| | NASH ELLIS GILMORE |
| | JOSIAH CHARLES BURNS |
| | MICHAEL CASEY WILLIAMS |
| | TERRY R. LEVY |
| | SHELDON G. ALSTON |
| | WILLIAM DEMENT DRINKWATER |
| | EVAN THOMPSON |
| | JAMES W. SHELSON |
| | RONALD C. MORTON |
| | P. SHAWN HARRIS |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | MICHAEL J. MALOUF |
| | JARED W. PHILLIPS |
| ATTORNEYS FOR APPELLEES: | JAMES W. SHELSON |
| | BENJAMIN C. LEWIS |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | AFFIRMED - 09/18/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE RANDOLPH, C.J., MAXWELL AND GRIFFIS, JJ.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.    Malouf & Malouf, PLLC (Malouf), appeals the chancery court's denial of its Motion for Payment of Past Due Interest. Because Malouf's second probated claim for compound interest is a new claim and was untimely filed, we affirm the chancellor's decision.

## FACTS AND PROCEDURAL HISTORY

¶2.    Herbert Bernard Ivison, Jr. (Ivison), retained Malouf to represent him in a divorce action against Rebecca Case Ivison (Rebecca). Ivison signed a retainer agreement that required Ivison to pay Malouf a "service charge of one and one-half percent (1 ½%) per month on any bill not paid within thirty (30) days." Following Ivison's death and the opening of his estate, Malouf filed its original probated claim of $86,480.01 for unpaid legal services. This amount included simple interest at the rate of 1.5 percent per year, and as such, the probated claim did not calculate interest in the manner recited in the retainer agreement. In addition, the retainer agreement was not attached to the original claim.

¶3.    To avoid litigation, Rebecca and Ivison's three sons from a former marriage agreed that either Rebecca or the sons would buy all of the Estate's assets. Both submitted purchase offers to the court. Rebecca offered to "payoff the claims that were timely probated against the Estate in exchange for the assets of the Estate." The chancellor accepted Rebecca's offer. Malouf's claim was listed in the amount of $86,480.01.

¶4.    Malouf then filed an amended claim three years and ten months after filing its original claim. The amended claim was filed more than one year after the chancellor accepted Rebecca's offer. Malouf's amended claim was in the amount of $176,720.62, and it included interest compounded monthly as set out in the retainer agreement. But Malouf again did not

2

attach the retainer agreement. In fact, Malouf did not disclose the existence of the retainer agreement until more than three years after Rebecca made her offer to purchase the Estate's assets.

¶5.     After the chancellor accepted Rebecca's offer, the executor[1] filed a Motion to Declare Certain Unsecured Claims of the Estate Extinguished and Time Barred.  Malouf also filed a petition for accrued interest on its claim. The chancellor ruled that Malouf's original probate claim was time barred and that Malouf's claim regarding past-due interest was moot.

¶6.     Malouf then appealed. This Court reversed the chancellor's decision and remanded the case with instructions to "direct the Estate to pay Malouf's claim with the proceeds from the asset purchase sale, just as the Estate was already ordered to do more than six years ago." *Malouf & Malouf, PLLC v. Est. of Ivison (In re Est. of Ivison)*, 371 So. 3d 172, 180 (Miss. 2023). Malouf represented to this Court that it was seeking the amount of its original claim, not the amount based on monthly compounded interest it now claims. The executor paid Malouf's original $86,480.01 claim with funds that Rebecca paid to the Estate.

¶7.     Malouf then filed a Motion for Payment of Past Due Interest that sought payment of compound interest on its original claim from "[Rebecca] and/or the Substitute Executor and/or the Estate." The chancellor found that Malouf's second probated claim was a new claim and that it was untimely filed, usurious, and barred by judicial estoppel. It is from this

---

[1] The Estate's original executor, Gary Thrash, withdrew from his role due to conflicts with Rebecca. The court appointed Ronald Morton as substitute executor. The term "executor" throughout refers to Morton.

decision that Malouf now appeals. Because we find the untimely claim issue dispositive, we do not address Malouf's other arguments.

## DISCUSSION

¶8.     "A 'chancellor's finding that the [probated] claims did not meet the requirements under the law is a question of law.'" **Strickland v. Est. of Broome**, 179 So. 3d 1088, 1091 (Miss. 2015) (quoting **Iemma v. Lingle (In re Est. of Lingle)**, 822 So. 2d 320, 322 (Miss. Ct. App. 2002)). "Questions of law are reviewed de novo." **Id.** (citing **In re Est. of Lingle**, 822 So. 2d at 322).

> I.     *Malouf's second probated claim is a new claim untimely filed.*

¶9.     Malouf argues that its second probated claim was an amendment rather than a new claim. Rebecca responds that Malouf's claim for interest compounded monthly is a new claim that was untimely under Mississippi Code Section 91-7-151.

¶10.    Mississippi requires that all claims against an estate be probated within ninety days after the first publication of notice to creditors. Miss. Code Ann. § 91-7-151 (Rev. 2021). Regarding amendments, Section 91-7-151 provides:

> Where the affidavit is made in good faith and the claim is registered, probated and allowed by the clerk but the affidavit is defective or insufficient, the court may allow the affidavit to be amended so as to conform to the requirements of the statute, at any time before the estate is finally settled . . . .

¶11.    This Court has explained the requirements for a proper amendment:

> Where the amendment increases the amount of the claim, sets up a new cause of action, and materially changes the basis for the claim, it is not allowable. It is permissible only if it does not amount to a new claim, but is merely an improvement or perfection of one presented in time but lacking certain elements necessary to express its full merits.

4

. . . .

'It is a general rule that a seasonably filed claim against the estate of a decedent may be amended after the expiration of the time limited for filing of claims where it is necessary or desirable to accomplish complete justice between the parties, the original statement shows a claim (or cause of action) which may be established as a valid one, upon which an amendment can be predicated, the character and identity of the claim (or cause of action) is not changed, unrelated increases in the sum claimed are not included, and the proposal is not contrary to the provisions of the probate statute, as construed, but rather in harmony with applicable curative or jeofails statutes permitting amendments to pleadings, etc., in proper civil cases.'

***Cent. Optical Merch. Co. v. Est. of Lowe***, 249 Miss. 61, 160 So. 2d 673, 679-80 (1964).

¶12.    Malouf's second claim was filed more than three years after it filed its original claim. Thus, for it to be a proper amendment, Malouf's second claim must meet the standard set out in ***Central Optical***: (1) the original claim is valid; (2) the character and identity of the claim is not changed; (3) unrelated increases in the sum claimed are not included; and (4) the proposal is not contrary to the provisions of the probate statute. ***Id.***

¶13.    Malouf's "original statement shows a claim (or cause of action) which may be established as a valid one, upon which an amendment can be predicated." ***Id.*** The chancellor held that "Malouf's proposed amendment did not establish a valid claim upon which an amendment could be predicated because the original claim appeared to be a claim for unpaid attorney fees, with one year of simple interest, no more or no less." We disagree.

¶14.    In Malouf's prior appeal, this Court remanded with instructions to "direct the Estate to pay Malouf's claim with the proceeds from the asset purchase sale, just as the Estate was already ordered to do more than six years ago." ***In re Est. of Ivison***, 371 So. 3d at 180. This

Court upheld Malouf's original claim as valid. *Id.* Thus, "an amendment can be predicated" upon Malouf's original, valid claim. *Cent. Optical*, 160 So. 2d at 679-80.

¶15. But the character and identity of Malouf's claim has changed. Malouf's original claim included a fixed sum service charge of 1.5 percent, which, multiplied by Ivison's unpaid balance of $82,790.65, equals $1,241.86. The original claim sought simple interest to a certain date and none thereafter. In contrast, Malouf's second claim seeks compound interest calculated at 1.5 percent per month "on any bill not paid within thirty (30) days" according to the retainer agreement Ivison signed. Now, Malouf seeks interest compounded monthly from the filing of the original claim. Hence, in this case, Malouf has calculated interest by two different methods. Accordingly, the character and identity of the claim has changed.

¶16. Further, the character and identity of the claim changed because neither Rebecca, the Estate, nor the court were made aware that Malouf was charging interest compounded monthly. Malouf did not provide the retainer agreement, which memorialized the rate of interest charged, until almost five years after filing its original claim.

¶17. In *Farrell v. McCutchon*, McCutchon executed a promissory note in favor of Farrell. *Farrell v. McCutchon*, 183 Miss. 50, 183 So. 386, 387 (1938). After McCutchon died, Farrell probated his claim against McCutchon's estate, but the affidavit Farrell attached to the claim did not expressly include the 6 percent yearly interest that had accrued. *Id.* The executors refused to pay the interest on the note. *Id.* This Court held that because the original note bore interest on its face and because the original note referred to the exact interest Farrell claimed, the executors were required to pay Farrell both principal and interest. *Id.*

6

This is different from the case at hand. Here, Malouf's original claim did not refer to the interest they are now seeking nor did the original claim bear such interest.

¶18.    In addition, the increase in the amount of interest that Malouf now seeks is unrelated to its original claim. Again, this is because Malouf now calculates interest at an entirely different rate than in its original claim. The second claim substantially increased the amount of interest charged and seeks interest at a rate different than previously disclosed.  We recognize that Malouf now seeks to recover interest at the rate set forth in the retainer agreement; however, it was Malouf that did not disclose the retainer agreement or file the first claim consistent with the rate calculation set forth in the retainer agreement.

¶19.    We find that Malouf's second claim does not meet the standard set forth in *Central Optical*. 160 So. 2d at 679-80.  Therefore, we find that Malouf's second claim is not an amendment but rather a new claim filed past the ninety days a creditor has to file a claim against an estate.   Accordingly, we cannot find the chancellor in error and affirm.

¶20.    **AFFIRMED.**

**RANDOLPH, C.J., KING AND COLEMAN, P.JJ., MAXWELL, CHAMBERLIN, ISHEE, SULLIVAN AND BRANNING, JJ., CONCUR.**

7