LANN & CARTER HARDWARE CO. *v.* CARBERRY,

[75 South. 377, Division B.]

WITNESSES. *Testimony against decedent's estate.*

Although section 1917, Code 1906, provides that a party is incompetent to testify to prove his claim against the estate of a decedent which accrued during the lifetime of the decedent or which had been transferred since his death, this does not prevent the manager of a corporation from testifying to establish a claim of such corporation, since the claim of the corporation does not belong to him.

Appeal from the circuit court of Monroe county.

Hon. Claude Clayton, Judge.

Suit by the Lann & Carter Hardware Company against Mrs. James Carberry, Administratrix of the estate of James Carberry deceased. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Leftwich & Tubb,* for appellant.

It was plainly error on the part of the court below to exclude the testimony of Kirby Lann, the manager of the appellant company, and a stockholder therein, and much the plainer error to exclude the testimony of J. S. Hopkins, the bookkeeper and Miss Sallie Johnson, the stenographer, and Jeff Howell and Chas. Butler, the tenants of Jas. Carberry. It has been held by this court that where a corporation is itself a suitor, a stockholder of the corporation who owns all the stock thereof may testify for the corporation as against another corporation, the agent of the plaintiff proving his conversations with the agent of the defendant corporation. *Wiggins Turpentine Co.* v. *Calamity Land Co.,* 109 Miss. 628; S. C. 68 So. 919, citing *McCutcheon* v. *Rice,* 56 Miss. 455; *Foler* v. *Jordan,* 44 Miss. 283; *Bexar Building & Loan Ass'n.* v. *Newman* (Tex.), 25 S. W. 461. See supporting doctrine of our court, 3 Thomp. on Corps., par. 3279.

In deciding the case of the *Wiggins Turpentine Co.* v. *The Calamity Land Co., supra,* this language is used: "It is said that Mr. Currier, the deceased president, was the owner of fifty per cent. of the capital stock of the defendant corporation, and that Mr. Farnsworth owned all of the stock of the complainant company. From these facts it is argued that the suit is really based on the claim of Mr. Farnsworth, and was his claim in the statutory sense, and a claim against the estate of the deceased president of the defendant company."

In construing the statute on these facts, Judge COOK closes his opinion as follows: "Again, it is said that the dead president owned fifty per centum of the capital stock of the defendant company, and that a judgment against the company would necessarily entail a loss to his estate. Would the case be different if he owned all of the capital stock, or owned only one per cent. thereof? Neither the amount and value of the capital stock owned by Mr. Farnsworth nor the amount and value of Mr. Currier's stock in the defendant company is determinative of the question under consideration. This seems to be obvious because a contrary holding would present problems which could not be solved, except by the adoption of some arbitrary rule, varying according to the views of individual judges. We think the statute cannot be applied here. This suit is not based on the claim of Mr. Farnsworth, and it is not against the estate of Mr. Currier. True Mr. Currier's estate may be remotely affected by this judgment; but in these days, when the great bulk of the business of the country is done by corporations, and some part of the capital stock of a large proportion of the corporations is owned by the executive officers thereof, who carry on the business of the corporation by agreement and understandings with each other, a statute designed for the protection of natural persons cannot be safely enlarged to cover transactions of artificial persons, especially is it manifest that the evidence offered is not condemned by the terms of the statute, In support of our views we cite *McCutcheon* v. *Rice,* 56 Miss. 455; *Faler* v. *Jordan,* 44 Miss. 283; *Texas Bldg. & Loan Ass'n* v. *Newman,* (Tex. Civ. App.), 25 S. W. 461. Affirmed." We deem this opinion decisive of this case. In the case of *Mitchell, Admr.,* v. *Tishomingo Savings Institution,* in construing the statute in question here it was held that the president of a savings bank was a competent witness both under the statute and at common law to

establish the claim of the bank against the estate of a deceased person.

In the case of *McCaughan* v. *Hardy,* W. H. Hardy who transacted the purchase of land as agent for his wife was allowed to testify through one of her heirs to reform a deed, and yet those persons against whom the reformation was asked were not allowed to testify because they were testifying against the estate of a deceased person. Our courts have consistently refused to engraft, exceptions on to this very drastic statute. Our court has also held time and again that the surviving partner of a firm sued for a debt created by the deceased member of the firm is a competent witness. *Faler* v. *Jordan,* 44 Miss. 283; *McCutchen* v. *Rice,* 56 Miss. 455, and cases cited; *Witherspoon* v. *Prewett,* 47 Miss. 574; *Lamm* v. *Williams, Admr.,* 39 Miss. 347; *Love* v. *Stone,* 56 Miss. 449; *Griffin* v. *Lower,* 37 Miss. 458; *Jones* v. *Warren,* 70 Miss. 227.

It has been attempted to enlarge the statute so as to exclude a husband or wife when the other is interested against the estate of a deceased person, but the court has refused to so enlarge it. *Saffel* v. *Horn,* 72 Miss. 470; *Spivey* v. *Walton,* 107 Miss. 56.

In the instant case, it is plain from our authorities especially 109 Miss. 628, *supra,* that Kirby Lann was a competent witness to testify for his corporation as to the original contract for the purchase of the Fertilizer between him and Jas. Carberry. Not only was his testimony to that effect excluded from the jury, but the original order sheet on which he marked the name of Jas. Carberry as the purchaser during the lifetime of the said Carberry was excluded, and the letters he wrote Carberry and the reply were excluded, because he dictated them. The open account sworn to by Lann as manager of the corporation was excluded because it was sworn to during the life of the said Carberry. Certainly, our statute does not justify such a stringent construction as the lower court put upon it in this case.

*Paine & Paine,* for appellee.

Counsel for appellant in their brief say: ''They think the question as to the ruling of the court as to excluding the testimony of the appellant under section 1917 of the Code of 1906 was error.'' In support of this argument of counsel they cite the case of *Wiggins Turpentine Co.* v. *Calamity Land Co.,* 109 Miss 628, and the authorities, referred to in the opinion of Judge COOK. And they ask a reversal of this case at bar on the authority of the above cited case.

A mere superficial consideration of these cases evidences the fact that these cases are not applicable to the case at bar. The case at bar is a suit by a corporation, the appellant, against the estate of an individual who died prior to the trial of the case. The case in 109 Miss., *ubi supra,* is a case in which one corporation was suing another corporation and was of course not a case against the estate of an individual. The establishment of the claim in the suit at bar would be against the estate of Mr. Carberry while the establishment of the claim against the Wiggins Company by the Land Company in 109 Miss., *ubi supra,* would have been against the corporation and of course could not be within the purview of the statute. The statute says: ''He shall not testify to establish his claim against the estate of a deceased person,'' etc.

Again, as said by Judge SIMRALL in 56 Miss. 459 in the case of *McCutchen* v. *Rice*: ''The intent of the section is to disqualify a living person from establishing his own claim against the estate of a deceased person which originated in the lifetime of such deceased person. The design was to close the door to fraud and perjuries to pray upon the estate by setting up unjust and simulated claims. In terms, the statute only excludes the survivor where the object of the suit is to establish the claim of the witness against the decedent estate. If a recovery in the suit where the plaintiff testifies

would only collaterally affect the estate of a decedent, in some proceeding or settlement between his personal representatives and the defendant; then it cannot be said that the object of the suit or the effect of the judgment would be to reach and obtain satisfaction from the decedent's estate.''

The above suit was a case to establish a claim against partnership assets and not against an individual. And so with every other case cited by counsel; the claims were either against a corporation or a partnership and were not suits where a claim was sought to be established against the estate of a deceased person.

In discussing the point as to the competency of Kirby Lann's testimony, counsel for appellant on page 7 of their brief say: ''In construing the statute in question here, it is held that the president of a savings bank was a competent witness both under the statute and at common law to establish the claim of the bank against the estate of a deceased person.'' And in support of this assertion cites the case of *Mitchell, Admr.,* v. *Tishomingo Savings Institute,* 56 Miss. 444, which discloses the fact that in that case ''Taylor had no direct interest in the suit and as not shown to have been a shareholder.'' And that was the reason for permitting Taylor to testify. In the case at bar Lann was not only the manager but was a stockholder of the appellant. We submit that this case is authority for the appellee in excluding the testimony of Kirby Lann and in excluding the letters written by him and the other testimony offered as for example the list of fertilizer on which Lann had made certain memoranda as to Carberry.

We submit that the citations of the cases by counsel for appellant show that counsel have not comprehended the cases they cite or have no recollection of the testimony or misunderstand the testimony, for instance, Kirby Lann on page 21 of the record testified that he was the manager and also a stock holder in appellant's

corporation, and on page 26 on cross-examinations he reaffirms this statement. To accept the contention of counsel for appellant would be but to permit corporations to testify by means of it's stockholders to establish its claims against the estate of a deceased person and would thus give corporations a right not given an individual. As long as section 1917 of the Code is the law of Mississippi, such an interpretation as given it by counsel for appellant would be to construe the section in favor of corporations and against individuals. The case in 109 Miss. page 628 *ubi supra,* relied upon by appellant is good law but it only means what it says: Judge COOK in that case said that the statute was designed for the protection of natural persons only, and we are invoking that statute in the case at bar for the protection of the estate of a natural person. Judge Cook did not decide and hold that the officers of a corporation, who were stockholders and therefore interested, could testify to prove their claim against the estate of a deceased person. Mr. Kirby Lann was evidently interested in the out-come of the suit at bar; he was a stockholder in the appellant corporation and by testifying he was attempting to prove his claim to the amount his stock would entitle him to share in the claim, against the estate of a deceased person.

We are so confident that our interpretation of the section of the Code is correct and supported by our own state authorities that we will not burden the court with citations from other states whose statutes are so variant that it would be unsafe and unprofitable to compare with our statute as construed by our own court.

ETHRIDGE, J., delivered the opinion of the court.

The Lann & Carter Hardware Company is a corporation, and the defendant James Carberry was a planter. Suit was instituted in a justice of the peace court on an account for fertilizer sold by the appellant to

Carberry. The account was made out and verified by the affidavit of Kirby Lann, manager of the Lann & Carter Hardware Company. There was judgment for the defendant in the justice court and on appeal to the circuit court. Pending the appeal, James Carberry, the defendant, died, and the action was revived against his administratrix. Plaintiff introduced Kirby Lann, manager and a stockholder of the Lann & Carter Hardware Company, who testifies that he had an agreement with Mr. Carberry to furnish the tenants of Carberry with the fertilizers involved in this suit, and that it was distinctly agreed and understood that the goods were to be charged to Carberry and not to the tenants, and were so charged on the books of the company, but that, when the fertilizers were delivered, the company took the notes of the several tenants for their respective amounts, as evidence of delivery. This testimony of Mr. Lann was objected to on the theory that he was incompetent to testify against the estate of the deceased, under section 1917 of the Code, in that he was the manager and a stockholder of the corporation plaintiff. The plaintiff offered its bookkeeper, who testified that the charges were entered on the books at the time of the sale against the defendant, and that it was the custom of the company in their usual business to so charge fertilizers furnished to tenants, and that the books were correctly kept. This testimony was excluded upon the theory that the witness was the agent of the corporation and incompetent, under the section referred to. The company thereupon introduced its stenographer, to whom certain letters were dictated by Kirby Lann, the manager, to the defendant, and mailed by the witness to the defendant; and certain letters from the defendant to the company with reference to this transaction, which was also excluded by the trial court. The plaintiff introduced one or two of the tenants, who testified with reference to certain conversations between them and Mr. Carberry tending to prove that Mr. Car-

berry recognized liability for the debts to the company. At the conclusion· of the evidence, the court granted a peremptory instruction to find for the defendant.

We think the court was in error on these' rulings. Section 1917 of the Code of 1906 provides that a party is incompetent to testify to prove his claim against the estate of a decedent which accrued during the lifetime of the decedent, or which had been transferred since his death. Mr. Lann was not the corporation. It is true he was a stockholder and the business manager of the corporation, and acted for it, but in this capacity he was only the agent of the corporation and not the corporation itself. The claim of the corporation was not his claim, though he might have had some incidental, collateral, or ultimate advantage in a recovery flowing from the testimony. It was decided in *Mitchell* v. *Tishomingo Savings Institution,* 56 Miss. 444, that the president of a corporation was a competent witness to testify against the estate of the decedent under the statute. See, also, *Wiggins Turpentine Co.* v. *Calamity Land Co.,* 109 Miss. 628, 68 So. 919; 12 Enc. Ev. pp. 787-794.

The judgment is therefore reversed, and the cause remanded.

*Reversed and remanded.*