DEPOSIT GUARANTY BANK & TRUST CO. *v.* JORDAN'S ESTATE.

(Division B. Dec. 3, 1934.)

[157 So. 876. No. 31428.]

**R. B. Ricketts** and **Barron C. Ricketts,** both of Jackson, for appellant.

**C. E. Morgan,** of Kosciusko, for appellee.

Argued orally by **R. B. Ricketts**, for appellant, and by **C. E. Morgan**, for appellee.

**Griffith**, J., delivered the opinion of the court.

Appellant, the holder of an unpaid note of the deceased, sent, within due time, the original of the note, having attached thereto the statutory affidavit, to the chancery clerk for probate, allowance, and registration. At the same time, appellant requested that it be permitted to withdraw the original note when the clerk had made a certified copy thereof to remain on file with the clerk as provided by statute. The clerk found the claim and the proof thereof to be in all things in good order; and, after having allowed, probated, and registered the claim, he made a full and true copy of the note and also a full and true copy of the attached affidavit, and annexed his official certificates thereto that the copies so made were true and correct copies, filed these copies and his certificates aforesaid among the papers of the estate in his office, and returned the original note and the original affidavit to appellant. Subsequently, the executrices contested the probate, and the court sustained the contest on the ground that the clerk was required to keep the original affidavit on file in his office, and that the making and retaining in his office of a certified copy of the affidavit was not a strict compliance with the statute (Code 1930, section 1671).

As we understand it, the court reasoned that the statute required the original note and the original attached affidavit to be filed with the clerk and required them to remain on file with him, and that no part of the papers

thus required to be filed could be withdrawn except as expressly authorized by the statute, and that the statute authorized only the note to be withdrawn upon leaving a certified copy thereof, and not that the affidavit also might be withdrawn leaving in its place a certified copy of it.

It is true that this court has often used language to the effect that the statute, regulating the manner of probating claims, shall be strictly construed against, and shall be strictly pursued by, creditors (Jennings v. Lowery & Berry, 147 Miss. 673, 683, 112 So. 692), but this has never meant that a technical precision of form is at all events required, when nevertheless the actual substance is present. This is demonstrated by Davis v. Blumenberg, 107 Miss. 432, 65 So. 503, quoted with approval in Stevens v. Mercantile Co., 108 Miss. 690, 704, 67 So. 160, wherein it is said that substance will not be sacrificed to form; or, as was said in Merchants & Manufacturers Bank v. Fox, 165 Miss. 833, 840, 147 So. 789, it is the substance of the law on this subject which is mandatory.

But if we recur to literal or technical precision in this case, there is nothing in the letter of the statute which requires the original affidavit to remain on file with the clerk. The statute in specifying what shall be retained by the clerk does not mention the affidavit. The statute, perhaps, implies that the affidavit shall remain on file, but if so, the implication is an equally reasonable one that in allowing a certified copy of the note to be retained by the clerk in lieu of the original, a certified copy of the attached affidavit may likewise be substituted and retained in lieu of the original, particularly as the note, its existence, and terms is a matter more important for the information and benefit of the administrator, heirs, or other parties in interest than the affidavit. And at last, when a certified copy of the affidavit is retained, the substance has been fulfilled, for such a certificate by

the clerk is complete legal evidence in that court of the original. Sections 1564, 1572, Code 1930.

Reversed and remanded.