FIDELITY MUT. LIFE INS. CO. *v.* GOLDSTEIN *et al.*

(Division A. Jan. 2, 1940.)

[192 So. 584. No. 33921.]

**Watkins & Eager** and **Hardy R. McGowen**, all of Jackson, for appellants.

**D. S. Strauss**, of Greenville, for appellees.

290

Argued orally by **Pat Eager**, for appellant, and by **D. S. Strauss**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

This is the appeal of the Fidelity Mutual Life Insurance Company from a decree of the Chancery Court of Washington county disallowing two claims filed by the insurance company against the estate of Nathan Goldstein, deceased, one a note for $8,523.25, and the other a note for $8,446. The attack on the probation of the claims is that they were neither physically attached to their proofs, nor sufficiently described therein. The originals and the proofs were sent up with the record in

the cause. The proofs are not now, and probably were not when filed with the claims, physically attached thereto. The statute, section 1671 of the Code of 1930, provides, among other things, that the creditor must make proof of the claim in the form of an affidavit "attached thereto."

The proof of each of the claims states that the claim is "annexed," and, in addition, that "the original thereof being presented therewith." Furthermore, the proofs describe the claims with great particularity; in fact, with such accuracy that there could be no mistake as to what claims were referred to. The statute is mandatory as to substance, but not as to letter. What was done was in every respect as effective as the physical joining together of the claims and the proofs.

Along with the proofs in the form of accounts there was given a history of the original amounts of the claims, the payments thereon, and the balance due on each at the time proof was made. It is argued, to sustain the decree, that these facts constituted an attempt to probate the accounts and not the notes. There is no merit in the contention. Perhaps such a history was not necessary, but certainly it could not have been misleading or harmful in any respect to the estate or to other creditors.

Reversed, and judgment here for appellant.