STRANGE *et al. v.* STRANGE.

(Division B.    September 23, 1940.)

[197 So. 830.    No. 34150.]

**Ernest Kellner,** of Greenville, for appellants.

Wynn, Hafter & Lake, of Greenville, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from a judgment of the Chancery Court overruling and disallowing exceptions by the executors, Jos. E. Strange and Willis C. Strange, of the estate of John Q. Strange, deceased, of a claim probated and allowed by the clerk to Mrs. L. C. Strange, creditor, against the estate of John Q. Strange, debtor.

The attempted probate of claim for $4,000 is shown by Exhibit "B" of the Record, as follows:

"Statement of Account.

"Mrs. L. C. Strange, Creditor.

"To

"J. Q. Strange, Debtor.

"To

"Sum loaced (loaned) J. Q. Strange for the purchase of four (4) Greenville Hotel Bonds the 29th day of March, 1938.

"The above sum was borrowed by the deceased to purchase said bonds, which were a gift to creditor. Evidence of said payment is shown by attached check of Lillian C. Strange on the Greenville Bank & Trust Company of Greenville, Mississippi, in favor of the Greenville Hotel Company."

The exceptions were based on the fact that the statute was not complied with sufficiently, as to the probation of claims. Affidavit made by Mrs. Strange, Exhibit "B" of the Record, is as follows:

"State of Mississippi        In the Chancery
"County of Washington        Court of Said County.

"Re: J. Q. Strange, Deceased

"By

"Joe E. Strange et al., Executors

"This day personally appeared before me, the undersigned authority authorized to take affidavits in and for

said county and state, Mrs. Jno. Q. Strange, who, being by me duly sworn on oath, states that the statement of account in the sum of Four Thousand and No/100 ($4,000.-00) Dollars against J. Q. Strange, deceased, evidenced by the attached account, is just, correct and owing from the deceased; that it is not usurious and that neither the Affiant now (nor) any other person has received payment in whole or in part thereof, and that security has not been received therefor.

"Mrs. Jno. Q. Strange

"Sworn to and subscribed before me, this the 21st day of September, 1939.

"(Seal)  L. R. Foote, Notary Public

"Probated and allowed for $4,000.00, and registered, this the 30th day of September, 1939.

"(Seal) A. D. Brooks, Chancery Clerk."

The check which was attached was not signed by Mrs. Lillian C. Strange, but read:

"Greenville, Miss., 3-29 19 8 No. 38

"Greenville Bank & Trust Co. Pay to the Order of Greenville Hotel Co., $4,000.00 Four Thousand Dollars

"Mrs. Jno. Q. Strange

"Special."

This check was not therefore the check described in the account, for the account and the probation proceedings do not show that Mrs. L. C. Strange, or Mrs. Lillian C. Strange, and Mrs. John Q. Strange are the same person. The affidavit to the probated account was not made by Mrs. L. C. Strange, creditor, but was made by Mrs. John Q. Strange. Also, the affidavit does not show that Mrs. L. C. Strange and Mrs. John Q. Strange are one and the same person. This is not in compliance with the statute, Sec. 1671, Code of 1930, which requires that: "Any person desiring to probate his claim shall present to the clerk the written evidence thereof, if any, or, if the claim be a judgment or decree, a duly certified copy thereof, or, if there be no written evidence thereof, an itemized account, or a statement of the claim in writing,

*signed by the creditor*, and make affidavit, to be attached thereto, to the following effect, viz.: That the claim is just, correct, and owing from the deceased; that it is not usurious, and that neither the affiant nor any other person has received payment in whole or in part thereof, except such as is credited thereon, if any, and that security has not been received therefor, except as stated, if any." Et cetera.

On the trial, it appeared from the evidence that a check in the amount of $4,000 of Mrs. John Q. Strange was given to the Trustee of the Greenville Hotel Company, and that stock was made out in the name of Mrs. John Q. Strange and the bonds delivered to her by the Trustee of the hotel company. Mrs. Strange undertook to testify, but on objection, her testimony was excluded. It appeared from the evidence that after the death of J. Q. Strange, a lock-box, rented by him from the bank, was opened by an officer of the bank and the executors, in the presence of Mrs. John Q. Strange, and the stock and insurance policies in her name, which were among the papers of her husband, were delivered to her. It further appears from proof in the record, that, at that time, Mrs. Strange stated that she had loaned her husband $4,000 to pay for the bonds and stock, which were to be a gift from him. This testimony was objected to as being self-serving and incompetent. There was also introduced in evidence, a stub in the check-book of Mrs. Strange which had the following notations thereon:

| | "Greenville Hotel Co. (JQS) |
|---|---|
| "Date: 3-29-38- | Borrowed, |
| "Amt. Brt Forward | "9390.52 |
| "Amt. Deposited— | |
| "Amt. Ck. | 4000.00 |
| "Total Car'd forw. | $5390.52." |

It was testified to by one of the officers of the bank that this stub was in the handwriting of Mrs. John Q. Strange. There is nothing other than conjecture in the

record, as to the meaning of the letters ''JQS'' in the stub of the book, nor is there any explanation in the stub of the word ''Borrowed.'' This stub was not a bookkeeping entry between the appellee and the deceased, John Q. Strange. It is simply a private memorandum made for the information of the person making it. Neither the letters ''JQS'' nor the word ''Borrowed'' appeared on the check itself. The check was not made payable to John Q. Strange, the check showing that it was payable to the Greenville Hotel Company, and the proof shows that the stock and bonds were delivered to Mrs. John Q. Strange. The proceedings show that the stock was bought by Mrs. John Q. Strange by her personal check, and delivered to her.

There was some conversation between John Q. Strange and one of the witnesses sometime prior to the selling of the hotel stock to Mrs. Strange, which was to the effect that he could not buy the stock unless he borrowed the money from his wife, but the amount of money to be borrowed cannot be deduced from the remark. Also, there was no evidence of consent by either party to a loan. It was shown in the proof that John Q. Strange was, at the time of the sale of the stock, and at all times prior to his death, worth in excess of $200,000, most of which was in liquid assets. The proof was wholly insufficient to establish a debt of John Q. Strange to Mrs. Lillian C. Strange or Mrs. John Q. Strange.

The statute with reference to probating claims must be complied with in substantial particulars, and such compliance with the statute is mandatory. Jordan v. Love, 171 Miss. 523, 157 So. 877; Merchants & Manufacturers Bank v. Fox, 165 Miss. 833, 147 So. 789. From the foregoing, it is clear that the claim was not probated in accordance with the statute; the court below was in error in overruling the exceptions to this account, and judgment is reversed and judgment rendered here sustaining the exception to the attempt to probate the claim, and the claim is denied.

Reversed and rendered.