HARRISON *v.* LANDRUM.

No. 39483          February 21, 1955          78 So. 2d 132

*Bernard W. Chill,* Jackson, for appellant.

*Roger C. Landrum,* Columbus, for appellee.

HALL, J.

This suit was commenced by bill in chancery for recovery of an amount due for an attorney's fee and expenses in connection with certain legal work, and for a discovery and an accounting. The facts found by the chancellor, and abundantly supported by the evidence are that appellee, an attorney at law, was employed by appellant, an oil and gas royalty broker, on or about April 7, 1950, to do all the legal work necessary in connection with the purchase of 206.83 mineral acres in Jefferson Davis County, Mississippi, for a price of $35,-000.00 from Mrs. Ernie Milloy Calhoun and husband and to take the title thereto in appellee's name; that pursuant to said employment appellee made four trips to Jefferson Davis County, made numerous telephone calls to various points and had actual expenses of $134.00; that he consulted with the agent and attorney for the seller of said minerals, assisted in preparing and securing the execution of all the necessary agreements and contracts in connection with said sale, assisted in settling Federal and State inheritance tax matters in connection with the estate from whom the seller inherited the minerals, prepared and executed a note and deed of trust from appellant and appellee to Deposit Guaranty Bank & Trust Company evidencing and securing an indebtedness of $25,000.00, the same being used as a por-

tion of the purchase price of said minerals, examined and certified the title to said mineral acreage, prepared and executed fifteen mineral deeds to appellant and his clients pursuant to directions of appellant, and rendered other valuable legal services in connection with said matter and performed his contract of employment as ordered and directed by appellant in an efficient and competent manner. There was no advance agreement as to the amount of fee for the services rendered and the chancellor found that a reasonable fee is $1,250.00 plus $134.00 actual expenses and awarded judgment accordingly. Hence this appeal.

The mineral acreage in question was under six different producing gas units situated in the Gwinville Gas Field, comprising approximately 1900 acres, title to which was examined and certified by appellee. The first mineral deeds in connection with the matter were executed on April 26, 1950, and the last on May 3, 1950, and the record shows without dispute that no fee was due until May 3, 1950.

The suit was filed on April 30, 1953, and alleged the several services rendered from April 7 to May 3, 1950, and a demurrer was sustained because the suit did not allege when the bill for services was due and most of the claim appeared to be barred by the three-year statute of limitation. On August 12, 1953, an amended bill was filed wherein it was specifically alleged that no fee was due until completion of the transaction on May 3, 1950. A demurrer was filed wherein it was claimed that the suit was barred because the amendment was not filed until more than three years after the due date of the indebtedness. This demurrer was overruled and the case proceeded to trial. At the close of the evidence for appellee a motion to dismiss the suit on the same ground was overruled, and the action of the court in this respect is the basis of the first assignment of error. The amended bill introduced no new cause of

action and stated no new facts as the real basis of recovery. Primarily, it simply made definite the allegation as to when appellee was to be paid, and thereby perfected or amplified the cause of action set up in the original pleading, and related back to the commencement of the action, thereby tolling the running of the statute. 54 C. J. S., Limitation of Actions, Section 280, pages 327-330. In Re Estate of Whittington, Deceased, 217 Miss. 457, 64 So. 2d 580.

■■ What amount would be a reasonable fee for the services rendered was established not only by appellee's testimony but also by that of a disinterested practicing attorney. Appellant offered no witness to dispute this evidence but sought to show what fees had been charged by appellee on other transactions wholly disconnected from this one. The chancellor refused to entertain this type of evidence, and his refusal is the basis of the next assignment. We think the chancellor's ruling was correct and that there is no merit in this contention.

■■ It is also contended that the fee allowed is exorbitant and unreasonable. It is abundantly supported by the evidence and there is nothing in the record to contradict it. Out of the approximately 400 lawyers in the City of Jackson, appellant produced not one to say that the fee claimed was excessive, and the contention is without merit.

■■ It is contended finally that this is not an equity suit and that for this reason the lower court erred in not sustaining a motion to dismiss it on this ground. The contention is answered by Section 147 of the Mississippi Constitution. The fact that a cause of action is legal instead of equitable presents no ground for reversing a decree of the Chancery Court thereon. Carter v. Witherspoon, 156 Miss. 597, 126 So. 388; Dinsmore v.

Hardison, 111 Miss. 313, 71 So. 567; Metzger v. Joseph, 111 Miss. 385, 71 So. 645.

Affirmed.

*McGehee, C. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.