HUGHES, et al. *v.* BOX, ADMR.

No. 39628          June 13, 1955          81 So. 2d 242

*Kermit R. Cofer,* Water Valley, for appellants.

*Colbert Dudley,* Jackson; *B. E. Kynard,* Bruce; *Brunini, Everett, Grantham & Quin,* Vicksburg; *L. Barrett Jones,* Jackson, for appellee.

HALL, J.

Appellants are the heirs at law of W. V. Hughes who departed this life intestate on August 9, 1950. Being unable to agree among themselves upon one of their number to serve as Administrator of the estate, they agreed on the appellee W. T. Box to qualify and serve as such and they joined in a petition for his appointment. Mr. Box is not related to any of the parties. He took charge of the estate and, after operating a cotton gin belonging to deceased for the 1950 ginning season under express order of the court, he converted the assets into cash, and in due time filed his final account. Appellants appeared and filed numerous objections and exceptions to items for which the Administrator claimed credit, and 27 of these were overruled by the lower court and are involved on this appeal. To discuss each one separately would add nothing to what has already been held by this Court and would extend this opinion to undue length. We therefore group the several contentions in discussing the points raised, and we note at the beginning that it is not claimed by the heirs that any of the items in question are not due and owing by the estate. The correctness of the probated claims is not controverted and many of the contentions manifest a disposition of total unfairness and a grasping attitude, and reduce themselves to a complete absurdity. For example, one claim is made out on a bill head of Russell's Store, is dated August 1, 1950, and contains only two items of purchase. Each of these is for pajamas, one being for $2.98 and the other for $3.98, to which has been added 14c sales tax, making a grand total of $7.10. Appellants say that this bill is not properly itemized. We see nothing which could be added to make the bill more complete unless it had given the size and color of each pair of pajamas. One of the heirs was called as an adverse witness and frankly admitted that the pajamas were purchased from Russell's Store for her father for

use in his last illness and that the charge is correct. Similar objections are made to many other claims and are equally without merit. We do not relax in the least from the principle long settled by our decisions that, in probating a claim on open account, the account must be itemized. The purpose of such a requirement is that the heirs may know what items are claimed to be due and owing, and it was never intended that it would or could be used to defeat a just claim which is admittedly just and owing. On many of the accounts in question there is sharp criticism by counsel for appellants of the use of an occasional abbreviation. For instance in the doctor's and hospital bill it is contended that the account is not itemized because it contains such items as "Ex." and "Lab." We think it is clear what these items mean and that any person who has ever been examined by a doctor or received laboratory services in a hospital should know. One item is for 1 pig and sow $5.25, and it is contended that the account does not show whether it is for animals or something else. We believe that pig and sow are a sufficient designation of animals of the swine family, and that the contention is so preposterous as not to deserve the attention which we have paid to it. We have mentioned at random a few of the matters contained in appellant's brief in order to show the utter absurdity of some of the positions which are presented to us apparently in a serious vein.

Some of the itemized accounts are made out against Bruce Electric Gin, and these are challenged. It is shown by the record that deceased was engaged in business under the trade name of Bruce Electric Gin as sole owner. No one knew this any better than the heirs for four of them worked in the gin when it was in operation. Moreover, each of the affidavits supporting the statements is in statutory form and avers that the account is due and owing by the deceased. We think these are sufficient.

Another objection is that several of the accounts, such as Russell's Store, Young Hardware Company, and Bowles Garage, are supported by affidavits which do not show the authority of the person signing. Amended affidavits were filed on each of the claims under consideration with the exception of one which will be discussed later herein. Section 59, Code of 1942, specifically makes provision for the filing of an amendment where there is a defect in the affidavit of probate, and this statute was utilized and followed by the Administrator. The chancellor considered these amended affidavits and we think his action was proper. They corrected the defects in the original affidavits.

Complaint is next made against the allowance of appraiser's fees in the amount of $5.00 each to Tom Long and Ben Bennett. Testimony was taken on this item and it appeared that the heirs themselves were first going to act as appraisers without charge. They met with the Administrator and were unable to agree among themselves on anything. Thereupon the heirs themselves agreed on these disinterested parties to appraise the estate. The chancellor correctly allowed the administrator reimbursement for this expense. Section 642, Code of 1942.

At the sale of the personal property, the Administrator employed an auctioneer and a bookkeeper and the chancellor held that their services were necessary and were to the best interest of the estate and allowed them a total of $75.00 to which exception was made. According to the record, there was a vast amount of this personal property and innumerable items to be sold. It was too big a task for one man to sort it out and auction it off, and the men employed by the Administrator spent the greater part of two days in doing their work. It was an expense properly allowable under Code Section 642, supra.

During the course of the administration the heirs petitioned the court for a sale of the gin property and the

lot on which it stood, and upon proper process and a hearing, the court ordered the property sold and appointed the Administrator as a Special Commissioner to make the sale. The sale was conducted and the Administrator asked for and obtained an allowance for the services of a surveyor to lay out the lot so that a purchaser would be able to see and know what he was buying, and for the services of an auctioneer and a bookkeeper. The total amount of these expenses was $114.00. The gin brought $53,000.00 at the sale which far exceeded its appraised value. The reason that this item is in the final account is that the proceeds of sale were placed in the estate account and handled the same as personal property of the estate. These items of expense were property allowed to the Administrator under the aforesaid Code Section 642.

There was also objection to the allowance of attorneys' fees to the attorneys for the Administrator. Appellants contended and one of them testified that the Administrator promised them that if he served he would employ his own attorneys without expense to the estate. The Administrator testified and denied this. The chancellor accepted the Administrator's version and allowed the fees, finding that the services were proper and in good faith. His action is fully sustained by Section 633, Code of 1942.

The trial of the numerous objections and exceptions was a tedious and lengthy hearing as evidenced by the voluminous record before us. The chancellor was very painstaking with the hearing. However, there is one claim of $12.19 in favor of Pontotoc Electric Power Association which we think he erroneously allowed. The affidavit thereon is wholly defective and counsel for the Administrator frankly stated to the chancellor that he had been unable to obtain an amended affidavit. Two small claims in a similar status were disallowed and we think the allowance of this one was wholly an oversight on the part of the chancellor. To this extent it is necessary to reverse the decree appealed from so as to dis-

allow this claim, but in all other respects the decree is affirmed.

This brings us to a consideration of how the costs on this appeal should be apportioned. The objections which were appealed to this Court involve nearly $25,000.00. It would be unjust and inequitable to tax the Administrator with all the costs of this appeal when the appellants have prevailed for only $12.19. The costs on appeal will therefore be taxed to the extent of $12.19 against the Administrator and all the remainder of the appeal costs will be taxed against the appellants.

The case is affirmed in all the respects indicated and reversed in part as to the one claim indicated, and it will be remanded to the lower court for supervision of the chancellor in carrying the estate to a conclusion.

Affirmed in part, reversed in part and remanded.

*Roberds, P. J.*, and *Lee, Kyle* and *Holmes, JJ.*, concur.