STEWART, et al. *v.* ESTATE OF JAMES CARROLL WILLIAMSON

No. 42211 March 12, 1962 138 So. 2d 742

*Joseph E. Brown, Jr.,* Natchez, for appellants.

*Gwin & Gwin,* Natchez, for appellee.

ARRINGTON, J.

The appellants, R. P. Stewart and William E. Stewart, d/b/a R. P. Stewart Agency, probated their claim against the estate of James Carroll Williamson. The probated claim is as follows:

"Statement of Account of James Carroll Williamson with R. P. Stewart and William E. Stewart, d/b/a R. P. Stewart Agency:

"ALL POLICIES WITH THE TRAVELERS IN-SURANCE CO.

| | | |
|---|---|---|
| 6/ 9/58 | Final Audit Compensation Policy C208499, 3/9/57-58 | $ 441.33 |
| 6/ 9/58 | Final Audit Public Liability Policy MCS57536, 3/6/57-58 | 66.11 |
| 2/14/59 | Final Audit — Fleet Coverage Policy MV886601, 10/1/57-58 | 70.51 |
| 2/20/59 | Final Audit — Compensation & Public Liab. Policies UB7077096 & DS6264620, 3/6/58 -11/18/58 | 227.00 |
| 2/21/59 | Check paid Britton & Koontz to pick up policy on home | 72.36 |
| 3/18/59 | Final Audit Fleet Liab. & Physical Damage Policy MV-4467640 | 416.99 |

$1,294.30

"CREDITS

| | | |
|---|---|---|
| 8/ 4/58 | Elimination of truck, Policy MV-886601 | $ 33.28 |
| 8/25/58 | Check | 50.00 |
| 10/24/58 | Check | 100.00 |

2/21/59 Return premium on Dwell.
 & HG. Policy 563892 _____ 119.37

 302.65

AMOUNT DUE US _____$ 991.65

Mrs. Vera E. W. Williamson, the administratrix of the estate of James Carroll Williamson, contested the claim on two grounds: (1) The claim is not based upon a demand of which there is written evidence or upon an account not itemized as required by Section 568, Miss. Code of 1942; and (2) if the claim, or a part thereof, is based on a written instrument, the original instrument was not filed as required by the statute.

Upon the hearing the court held that the claim as filed was insufficient to permit the introduction of evidence thereon or to support a decree allowing the claim. The chancellor disallowed the claim and from that decree appellants appeal.

Section 568, supra, requires that proof of claim where there is no written evidence shall be made by itemized account or a statement of the claim in writing. We are of the opinion that the itemized statement in the present case is sufficient as to all items except the one for $72.36. As to each of the other items, it shows the due date, the kind of policy, the period covered, the policy number, and the amount due on final audit. This is sufficient to disclose the nature and amount of the claim so as to bar when paid an action therefor. Cf. Johnson v. Hannon, 211 Miss. 207, 51 So. 2d 283.

It is common knowledge that when an insurance agency writes certain kinds of insurance—as, for instance, workmen's compensation insurance—the policy provides that the insured pay an estimated premium and upon termination of the policy the earned premium shall be computed in accordance with the company's

rules, rates and rating plans; and if upon final audit the computed premium exceeds the estimated premium paid when the policy was written, the insured shall pay the excess to the company or agent. If the itemized statement filed in this case is not sufficient and the insurance agency had to file all the items going into the final premium, the claim would have to include the policy, the company's manuals, and the audit of the insured's books. The statute never contemplated such requirement. It would be cumbersome and unreasonable to make such requirement for the probate of a claim based on an insurance agency's claim for premiums due on final audit. We are of the opinion that the claim as probated was sufficiently itemized. Upon contest of such claim, the claimant should have been allowed to offer evidence to support the claim.

We are of the opinion that the chancellor was correct in disallowing the item of $72.36, as the liability was based upon a note executed by the decedent and the original was not filed. McMahon v. Foy, 104 Miss. 309, 61 So. 421. Therefore, it follows that the decree is affirmed in part, reversed in part, and remanded.

Affirmed in part, reversed in part, and remanded.

*Lee, P. J.,* and *McElroy, Rodgers* and *Jones, JJ.,* concur.