CENTRAL OPTICAL MERCHANDISING COMPANY, INC. *v.*
ESTATE OF LOWE, DECEASED

No. 42877 February 17, 1964 160 So. 2d 673

62

*Wynn, Hafter, Lake & Tindall,* Greenville, for appellant.

*Philip Mansour*, Greenville, for appellee.

ETHRIDGE, J.

This case involves contests of probated claims against the estate of a deceased. The Chancery Court of Washington County disallowed them, and from the two consolidated decrees the claimant (Central Optical Merchandising Company, Inc., called Central Optical) appealed.

The issues are (1) whether claimant had a prima facie right as the holder to four promissory notes, which it as payee had endorsed in blank and upon which there were subsequent restrictive endorsements by others; and (2) whether the claim on open account was a sufficient "itemized account" under the statute to be amended (after the six month period for creditors to file), and to be amplified and further described by evidence on contest by the administratrix. These questions we answer in the affirmative.

For many years Morris B. Lowe was the owner and operator of Greenville Optical Company, an unincorporated business in Greenville, Mississippi. He died on July 16, 1962, and letters of administration were granted to appellee, Barbara Dale McHan. Notice to creditors was published, and on December 22, 1962 Central Optical filed its claims against the estate. Mississippi Code 1942, Rec., section 568 requires that any person desiring to probate his claim against an estate, where there is no written evidence of it, shall present "an itemized account, or a statement of the claim in writing, signed by the creditor." There were two types of asserted debts, four promissory notes, and an open account.

*First.* Four promissory notes were executed by Lowe on July 8, 1961, each being in the principal amount of $750, and payable to the order of Central Optical. At the time claimant probated this claim, the maturity dates of all of the notes had occurred. They were endorsed in blank by Central Optical. Subsequently they were endorsed to the order of Lincoln Rochester Trust Com-

pany by Shuron Optical Company, Inc. Claimant had possession of the notes, and the probated claim averred that it had reacquired them. On the face of three is stamped a notation that they were "charged back" to the account of Central Optical. The administratrix argues that the notes show on their face that Central Optical has no right, title or interest in them. The trial court sustained this position, and disallowed this claim. We hold this was error.

Mississippi Code 1942, Rec., section 89 (NIL § 48) states:

"The holder may at any time strike out any indorsement which is not necessary to his title. The indorser whose indorsement is struck out, and all indorsers subsequent to him, are thereby relieved from liability on the instrument."

The applicable rule is described in 11 Am. Jur. 2d, Bills and Notes, section 393:

"The holder of an instrument may at any time strike out any indorsement which is not necessary to his title, thereby, however, releasing the indorser whose indorsement is stricken and all subsequent indorsers. Accordingly, if an instrument contains indorsements subsequent to an indorsement in blank the holder may strike these out, although the intervening indorsements are in full. An indorsement upon a negotiable instrument may be stricken out by the original payee upon his regaining possession in a bona fide manner, and he may recover upon such instrument as if it had never been indorsed."

To the same effect are 10 C.J.S., Bills and Notes, § 215; Beutel's Brannan, Negotiable Instruments Law (7th ed. (1948) 642; McLemore v. Hawkins, 46 Miss. 715 (1872); Taylor v. Julienne, 180 Miss. 320, 177 So. 19 (1937); Kendrick v. Kyle, 78 Miss. 278, 28 So. 951 (1900). ██ █ As was stated in *McLemore,* the "possession of a note by the payee or a subsequent endorser is prima facie evidence, notwithstanding subsequent en-

dorsers thereon, that he is the lawful owner and has reacquired the legal title." █ Here Central Optical had a prima facie right in these four notes, having reacquired them. So that claim should have been allowed, in the principal amount of $3,000 plus accrued interest. The decree disallowing the probated claim on the four promissory notes is reversed, and judgment is rendered here allowing it.

*Second.* The claim filed by Central Optical on Lowe's open account consisted of five pages, with the statutory affidavit. It stated that Lowe's estate was indebted to claimant as of November 30, 1962 in the sum of $5,006.47, "for the unpaid balance on the account of the said M. B. Lowe and his estate, . . . for lenses, frames and other optical merchandise sold and delivered, after allowing all proper credits." It was then stated that the unpaid balance of the account on June 25, 1961 was $8,410.85. This beginning figure was assumed by claimant to be correct. It contained no verifying data to support it. The claim, after allowing certain credits and debits, stated that the balance due on November 30, 1962 was $5,006.47. Attached to it was a certified copy of the accounts receivable records of claimant for the account from June 25, 1961 to November 30, 1962. This attached exhibit began with a "proof total" of $8,690.62, and contained 37 pages of photocopies of the accounts receivable records of Central Optical. Each page identified the purchaser, and contained ten vertical colums, with appropriate figures under the various parts, identified as date, description, prescription, stock, net item, credit, balance due, sales balances for prescription and stock, and proof total.

The first publication for creditors was made on July 26, 1962. Several weeks after the six months period for probating claims expired, the administratrix filed a contest, asserting the claim was not an itemized account, was fatally defective, and should be disallowed.

At the hearing Cecil R. Shaffer, president of Central Optical, testified about the notes, and, with reference to the open account, he said the exhibit to the claim consisted of the company's work sheets from which the statement was made up. Claimant's counsel then handed the witness eighteen manila envelopes, which he identified as containing copies of the numerous original bills or invoices for supplies sent to Lowe from July 25, 1960 to November 30, 1962. He then offered in evidence these invoices, stating they were not offered to amend the claim, but to support and substantiate the entries in the attached ledger sheet. Counsel for appellee objected, on the ground they were an amendment to the claim. The court reserved its ruling. The final decree disallowed the claim on open account.

Subsequently claimant moved for consolidation of the cases on the notes and open account, and for an order directing the original invoices be sent to this Court. Such an order was entered, stating "the invoices introduced as exhibit 2 to the direct examination of Mr. Cecil Shaffer be and they are hereby attached to and considered as a part of said record without the necessity of each separate invoice being copied verbatim into said record." Apparently the trial court considered that the invoices were admitted in evidence. If they were not, they should have been. They described in detail each of the sales by Central Optical to Lowe, giving the date, description, and other details of the particular lenses, frames and other optical merchandise.

Under all of the foregoing circumstances, we conclude that appellant had the right to amend its claim (with limitations), and to offer evidence to explain and clarify it; and that expiration of the period for filing claims did not bar these procedures.

Mississippi Code 1942, Rec., section 568 provides that any person desiring to probate his claim against an estate shall present to the clerk, "if there be no written

evidence thereof, an itemized account, or a statement of the claim in writing, signed by the creditor, and make affidavit, to be attached thereto, to the following effect,'' setting forth the form of affidavit.

All claims against the estates of deceased persons shall be registered, probated and allowed within six months after first publication of notice to creditors, otherwise they will be barred. Code §§ 569, 566. In 1926 what is now section 569 was amended (Miss. Laws 1926, ch. 157) by adding a statement "that where the affidavit is made in good faith and the claim is registered, probated and allowed by the clerk, but the affidavit is defective or insufficient, the court may allow the affidavit to be amended so as to conform to the requirements of the statute, at any time before the estate is finally settled, whereupon the probate shall be as effective and the claim as valid against the estate as if the affidavit had been correct and sufficient, in the first instance.''

Nevertheless, Rice Strix Dry Goods Co. v. Monsour, 178 Miss. 621, 174 So. 63 (1937), held that this amendment to section 569 "limits its amendments to the affidavit, and does not apply to the account, . . . .'' See Bell v. Union & Planters Bank & Trust Co., 158 Miss. 486, 130 So. 486 (1930); U.S.F. & G. Co. v. Blanchard, 182 Miss. 179, 181 So. 134 (1938) (can not amend to increase amount of claim). *Rice Stix* also disallowed a claim on itemized account because insufficiently itemized, but it does not appear that evidence was offered to explain it. Amendment was denied.

██ █ Legislative intent must be considered in the light of the realities of probate practice. ██ █ Although claims must be registered within six months after the first publication of notice to creditors, no fixed form of claim is ordinarily required, nor is the technical accuracy and certainty of description which is essential in pleading necessary. ██ █ In general, "the statement

shall give notice that a claim exists against the estate, for payment of which the creditor looks to the estate, that the statement shall be so clear and unambiguous as to distinguish the claim with reasonable certainty from all other similar claims, and that it shall give such information concerning the nature and amount of the demand as will enable the representative to act intelligently in providing for its payment or in rejecting it." 34 C.J.S., Executors and Administrators, § 417.

 The old rule that the statutes must be strictly complied with is no longer a controlling principle of interpretation. The cases in recent years show that a substantial compliance is sufficient. Strange v. Strange, 189 Miss. 349, 197 So. 830 (1940); Fidelity Mut. Life Ins. Co. v. Goldstein, 187 Miss. 285, 192 So. 584 (1940); Deposit Gty. Bk. & Tr. Co. v. Jordan's Estate, 171 Miss. 332, 157 So. 876 (1934); Hughes v. Box, 224 Miss. 513, 81 So. 2d 242 (1955).

In Stewart v. Estate of Williamson, 243 Miss. 450, 138 So. 2d 742 (1962), claims were probated for premiums on a number of liability insurance policies. The chancery court held they were insufficient to permit the introduction of evidence to explain them. With one exception, this Court held the itemized statement was sufficient, and claimant should have been allowed to offer evidence in support. If the statement must include all items going into the final premium, "the claim would have to include the policy, the company's manuals, and the audit of the insured's book. The statute never contemplated such requirement. It would be cumbersome and unreasonable . . . ." In short, substantial compliance was the test. See 21 Am. Jur., Executors and Administrators, § 373; Anno., Sufficiency of Notice of Claim Against Decedent's Estate, 74 A.L.R. 368 (1931).

 The instant claim on open account is a sufficiently effective presentation of claim to preclude the six month provision of Code section 569 from barring it.

It was for "lenses, frames and other optical merchandise" sold to the deceased. It stated in some detail credits and debits attributable to the estate, and alleged as true, correct, and owing the particular balance of account. The attached 37 pages from the accounts receivable records stated the dates of the charges, the amount charged for the prescription, the charge for "stock", and a "proof total." Although not as definite or adequate as it should be, the claim gave notice that it existed against the estate, for payment of which the creditor looked to the estate, it distinguished the claim with reasonable certainty from all other similar ones, and gave such information concerning its nature and amount as would enable the representative of the estate to act intelligently either in providing for its payment or in rejecting it, or in moving the court for a bill of particulars to make the claim more definite and certain. It contained sufficient allegations upon which an amendment by claimant or a motion by the estate's representative for bill of particulars could be predicated.

██ ██ Presentation of a claim against an estate is in many respects similar to the filing of a suit against a defendant. The main purposes of pleading and procedure are to obtain a clear definition of the issues between the parties and to reveal all of the facts, in order to obtain a fair and equitable decision of the controversy. ██ ██ Where a claimant against an estate presents in good faith a claim which is in substantial compliance with the foregoing requirements, it is not equitable to permit the deceased's representative to wait until the six months have expired, then to assert the itemized account is not technically sufficient, and thereby to bar an otherwise legitimate debt of the estate.

Closely analogous are those cases dealing with whether an amendment of an inadequate complaint in a suit is permissible, where the amendment is filed after the statute of limitations has run, but the original complaint

was filed before that time. In re Estate of Whittington, 217 Miss. 457, 64 So. 2d 580 (1953), was an independent suit in chancery against an executor to recover for personal services rendered decedent. After the three year statute of limitations had run, complainant amended her bill so as to charge the promise was that she would be taken care of "at his death." The amendment was held to be proper and not barred by the statute of limitations:

"The filing of the independent bill or petition was therefore in order, and its amendment, by permission of the court, was not error. . . . The law is liberal as to amendments in order that the real issues of the controversy may be presented. Under the allegations of the amended bill and the proof, the benefits of Section 729, supra, did not accrue to the estate, because three years had not elapsed."

In McKesson & Robbins, Inc. v. Coker, 222 Miss. 774, 77 So. 2d 302 (1955), the drug company brought an action against a former partner for drugs furnished to the partnership. An insufficient copy of an itemized account was attached to the declaration. After the three year limitation statute had run, plaintiff filed its amendment to the declaration, which consisted of a sworn itemized statement with copies of the original invoices of merchandise sold and delivered to the partner. Defendant pleaded the statute, and contended that plaintiff's suit was not effectually commenced until the amendment was made, because the original declaration did not state any cause of action. Rejecting this contention, the opinion said:

"The amendment to the declaration introduced no new cause of action, and the amendment made no new demands or substantial change in the plaintiff's cause of action. The filing of the itemized statement of account, in the form of copies of the invoices of the merchandise sold and delivered, constituted no more than

a compliance with the requirements of Section 1469, Code of 1942, . . . . The matters set up in the amendment constituted only a bill of particulars. The action was still an action on open account . . . . the amendment should have been regarded as a continuation of the original suit with respect to the tolling of the statute of limitations. . . . It may be readily conceded that the plaintiff's original declaration in the case that we have here was defective in that there should have been attached to the declaration an itemized statement of the account. . . . Although the original declaration may have been defective, the defects were removed by the amendment and the amendment was not inconsistent with the purpose and relief originally sought. The amendments introduced no new cause of action; and the plea of the statute of limitations should have been overruled.''

Harrison v. Landrum, 223 Miss. 207, 78 So. 2d 132 (1955), was a suit brought by an attorney against a client for fees. The complaint did not allege when the bill for services was due, and most of the debt appeared to be barred by the three year statute of limitations. Thereafter complainant filed an amendment alleging that no fee was due until completion of the transaction, which took the suit out of the statute of limitations. It was said:

''The amended bill introduced no new cause of action and stated no new facts as the real basis of recovery. Primarily, it simply made definite the allegation as to when appellee was to be paid, and thereby perfected or amplified the cause of action set up in the original pleading, and related back to the commencement of the action, thereby tolling the running of the statute.'' See 54 C.J.S., Limitations of Actions, § 280, pp. 327-330; Anno., Sufficiency of Notice of Claim Against Decedent's Estate, 74 A.L.R. 368 (1931).

Since the instant original claim gave notice that the claim existed, and was sufficient to distinguish it from

other similar claims, and was a good faith, substantial compliance with the statute, the claim was amendable after expiration of the six months. Such amendment would constitute a continuation of the original suit. It would relate back to the commencement of the action. As was said in *Coker,* it may be conceded that the original claim was defective in that there should have been attached to it a more itemized statement of the account. Yet this was no bar to the claim, either if timely application was made for leave to amend, or if evidence to further describe and identify the basis of the claim was tendered, as it was here.

██ ██ Where the amendment increases the amount of the claim, sets up a new cause of action, and materially changes the basis for the claim, it is not allowable. ██ ██ It is permissible only if it does not amount to a new claim, but is merely an improvement or perfection of one presented in time but lacking certain elements necessary to express its full merits. 34 C.J.S., Executors and Administrators, § 417.

The general rule, which we adopt, is well summarized in the annotation, Amendment of Claim Against Decedent's Estate After Expiration of Time for Filing Claims, 56 A.L.R. 2d 627, 628 (1957). It is:

"It is a general rule that a seasonably filed claim against the estate of a decedent may be amended after the expiration of the time limited for the filing of claims where it is necessary or desirable to accomplish complete justice between the parties, the original statement shows a claim (or cause of action) which may be established as a valid one, upon which an amendment can be predicated, the character and identity of the claim (or cause of action) is not changed, unrelated increases in the sum claimed are not included, and the proposal is not contrary to the provisions of the probate statute, as construed, but rather in harmony with applicable curative or jeofails statutes permitting amendments to

pleadings, etc., in proper civil cases.'' See Johnson v. Hannon, 211 Miss. 207, 51 So. 2d 283 (1951); Hughes v. Box, 224 Miss. 513, 81 So. 2d 242 (1955).

To the extent that Rice Stix Dry Goods Co. v. Monsour, 178 Miss. 621, 174 So. 63 (1937), U.S.F. & G. Co. v. Blanchard, 182 Miss. 179, 181 So. 134 (1938), Wilson v. Yandell, 174 Miss. 713, 165 So. 430 (1936), and any other related cases are inconsistent with these conclusions and the rules set forth in this opinion, they are hereby modified, qualified and limited.

██ ██ Although a claim may satisfy these minimum requirements, the personal representative to whom a claim is presented has the duty to require the creditor to make the statement of claim more definite and certain, where it does not sufficiently advise him of its essential details and nature. If any uncertainty remains, it is incumbent on the personal representative to call for clarification, either by a motion to make more definite and certain, or motion for a bill of particulars. 34 C.J.S., Executors and Administrators, § 417, p. 197.

██ ██ In addition to a claimant's right to amend, where a claim meets the foregoing minimum requirements, both he and the personal representative on a contest have the right, respectively, to introduce evidence to support their positions. Code section 575 so provides. Nicholson v. Dent, Robinson & Ward, 189 Miss. 658, 198 So. 552 (1940); Ellis v. Berry, 145 Miss. 652, 110 So. 211 (1926). ██ ██ In the present case, the many invoices of optical merchandise sold to Lowe by Central Optical, which were introduced in evidence, explained in detail the basis of a large number of the charges and asserted debts of the estate. These were properly offered and admitted in evidence, and the trial court should have considered them on the issue of whether they adequately verified the details of the claim.

■ ■ The claim stated that the unpaid balance on June 25, 1961 was $8,410.85. It gave no verification of that sum, and there is no evidence to indicate it represents a stated account as of that date. Claimant has the burden of proof to show the correctness of that particular, beginning sum for the itemized account, and of verifying it either from that date, or from some other prior date at which there was a balance of account. In this respect the record is indefinite and ambiguous.

■ ■ The president of Central Optical was not precluded from testifying to establish the claim of the corporation against the estate of Lowe. Mississippi Code 1942, Rec., section 1690 prohibits a person testifying as witness to establish his own claim against the estate of a deceased person which originated in the latter's lifetime. However, the claim of this corporation did not belong to the witness; he was acting in the capacity of its agent. Lann and Carter Hardware Co. v. Carberry, 114 Miss. 519, 75 So. 377 (1917); see McFarlane v. Plant, 185 Miss. 616, 626, 188 So. 530 (1939).

In summary, the chancery court erred in disallowing the itemized account in toto, apparently on the ground of inability of claimant either to amend its claim after six months or to explain it by evidence on the hearing. Because of this error, and because claimant has the burden of proving more accurately its correctness, the decree disallowing the claim on itemized account is reversed, and the cause is remanded in this respect for a full hearing on the merits in accordance with this opinion. The decree disallowing the claim on the four promissory notes is reversed, and judgment is rendered here allowing that particular claim.

Reversed and judgment rendered here in part; in part reversed and remanded.

All Justices concur.