PATTERSON, Justice:
Stuart C. Irby Company appeals from a decree of the Chancery Court of Lafayette County which denied its claim against the estate of W. R. Winters.
Thomas Patton, the administrator, published notice to creditors of the estate in accord with statute. The first notice was published on November 3, 1971, and on March 3, 1972, Stuart C. Irby Company filed its claim as a creditor. The claim consisted of an affidavit stating that Winters Electrical Contractors owed the company $6,814.83 on open account with interest from December 30, 1971.
After the expiration of the six-month period for filing claims, the administrator protested the Irby claim by filing a petition alleging that it was not probated as required by Mississippi Code Annotated section 568 (1942) in that no written evidence of the claim, nor itemized account, nor statement thereof in writing, signed by the creditor, was attached to the affidavit filed by the creditor. Irby thereupon moved the court for permission to amend its original affidavit by filing another to which was attached a verified and itemized statement of account and requested the court to hear evidence on the motion and related matters.
The pleadings presented to the trial court the issue of whether the timely affidavit stated sufficient facts so that it could *846 be later amended, after the expiration of six months, to comply with the statutes authorizing creditors to file their claims. The trial court concluded the amendment was barred by the passage of time and, there being no controversy of facts, the same issue is before this Court.
The appellant argues that the original affidavit set forth its claim pursuant to the minimum standards of Mississippi Code Annotated section 91-7-149 and section 91-7-151 (1972) [formerly Mississippi Code Annotated section 568 and section 569 (1942)] and this is made clear by the guidelines of Central Optical Merchandising Co., Inc. v. Lowe, 249 Miss. 61, 160 So.2d 673 (1964), wherein this Court adopted the “modern trend” that justifiable claims should not be dismissed for mere technical objections.
The administrator contends that Central Optical, supra, is not controlling since there is no written evidence of the claim in this case as there was in Central Optical. He argues there is presently only a defective affidavit and therefore the amendment sought would constitute a new claim rather than the perfection of the existing one.
Section 91-7-149 governs the probate of claims and provides inter alia:
Any person desiring to probate his claim shall present to the clerk the written evidence thereof, ... or if there be no written evidence thereof, an itemized account or a statement of the claim in writing, signed by the creditor, and make affidavit, to be attached thereto, . .
Section 91-7-151 bars claims against the estates of deceased persons unless they are registered, probated and allowed within six months after the first publication of notice to creditors. It further provides:
. Where the affidavit is made in good faith and the claim is registered, probated, and allowed by the clerk but the affidavit is defective or insufficient, the court may allow the affidavit to be amended so as to conform to the requirements of the statute, at any time before the estate is finally settled; whereupon the probate shall be as effective and the claim as valid against the estate as if the affidavit had been correct and sufficient in the first instance.
The affidavit filed by Irby does not conform to the statute in any particular. We first note it designates the credit account to be that of Winters Electrical Contractors rather than that of the decedent, W. R. Winters. Moreover, it does not present written evidence of the claim nor itemized account.
In Central Optical, supra, this Court modified the previous rule that probate statutes must be strictly and literally followed by announcing that substantial compliance was sufficient, stating:
“It is a general rule that a seasonably filed claim against the estate of a decedent may be amended after the expiration of the time limited for the filing of claims where it is necessary or desirable to accomplish complete justice between the parties, the original statement shows a claim (or cause of action) which may be established as a valid one, upon which an amendment can be predicated, the character and identity of the claim (or cause of action) is not changed, unrelated increases in the sum claimed are not included, and the proposal is not contrary to the provisions of the probate statute, as construed, but rather in harmony with applicable curative or jeofails statutes permitting amendments to pleadings, etc., in proper civil cases.” 249 Miss, at 75, 160 So.2d at 679-680.
This does not authorize unrestricted amendment. The right to amend was extended only to claims meeting certain minimum requirements to avoid a creditor’s loss for technical insufficiency.
The claim filed in Central Optical was an open account evidenced by five written pages of detail together with the statutory *847 affidavit. It stated the debt was that of M. B. Lowe and his estate for lenses, frames and other optical merchandise. Attached to it was a certified copy of the accounts receivable records of the claimant containing thirty-seven pages of photocopies of Central Optical. Each page identified the purchaser with appropriate figures under the various parts supplied which were itemized by date, description, prescription, stock, net item, credit, balance due and sales balances. The Court considered these factors met the statutory minimum requirements and were not mere technicalities, stating:
. Although not as definite of adequate as it should be, the claim gave notice that it existed against the estate, for payment of which the creditor looked to the estate, it distinguished the claim with reasonable certainty from all other similar ones, and gave such information concerning its nature and amount as would enable the representative of the estate to act intelligently either in providing for its payment or in rejecting it, or in moving the court for a bill of particulars to make the claim more definite and certain. It contained sufficient allegations upon which an amendment by claimant or a motion by the estate’s representative for bill of particulars could be predicated. 249 Miss, at 72, 160 So. 2d at 678.
We reach the same conclusion as did the trial court that the affidavit, which appears to be a bankruptcy form, filed by Stuart C. Irby Company, did not conform to the statutes as modified by Central Optical, supra. It provided no information to the administrator of the estate of W. R. Winters, deceased, from which he could reasonably act in either allowing or disallowing the claim stated to be due by Winters Electrical Contractors.
Affirmed.
GILLESPIE, C. J., and INZER, SUGG and WALKER, JJ., concur.